Donovan S. HURD, Appellant,

v.

D. E. GOLDSMITH CHEMICAL METAL
CORP., Appellee.

No. 17614.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 27, 1980.

Fred L. Fraser, Houston, for appellant.

Lapin, Totz and Mayer, William A. Petersen, Jr., Houston, for appellee.

Before PEDEN, EVANS and WARREN,
JJ.

PEDEN, Justice.

Donovan S. Hurd appeals from a default judgment in a suit on a promissory note brought by D.E. Goldsmith Chemical and Metal Corp. Hurd challenges the sufficiency of service of process on him and the awarding of attorneys' fees.

The judgment of the trial court is reversed and the cause is remanded for new trial.

Appellee filed suit against Hurd on May 17, 1979. A citation issued on May 21 was returned unexecuted. The appellee filed a motion, supported by an affidavit, for substituted service under Rule 106, Tex.R.Civ. Proc., and the trial judge signed an order that provided:

. . . the application of Plaintiff for authority to serve Defendant Donovan S. Hurd, . . . 823 South 75th Street, Houston, Texas, with citation by leaving a copy of citation, with a copy of the petition attached, at the usual place of business of Defendant by delivering same to anyone over sixteen (16) years of age, is approved . . . .

On June 22, a second citation was issued. The return on that citation reads as follows:

Came to hand on June 25, 1979, at 4:00 p. m., and executed in Harris County, Texas by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit: Donovan S. Hurd, 7–12–79, 3:00 p. m., 823 S. 75th Street, by serving ~~man~~ a person over 16 years of age who says work ~~resides~~ at defendant's place of ~~residence~~ under Rule 106.

Hurd filed no answer and did not appear in the trial court. When the case was called on August 6, 1979, the trial judge found Hurd in default and rendered judgment for appellee in the face amount of the promissory note, plus $936.47 in attorneys' fees.

▆ Ordinarily, presumptions are made in support of due service when it is recited in the judgment. However, when a direct attack is made upon a default judgment, no such presumptions stand. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965). In such cases, the record must affirmatively show strict compliance with the mode of service ordered by the court. *Whitney v. L. & L. Realty Corp.,* 500 S.W.2d 94 (Tex.1973); *McKanna v. Edgar,* supra; *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934 (1935). Moreover, all of the necessary facts must be stated in the return, with nothing left to inference. The return, taken together with the citation on which it is endorsed, cannot depend upon extraneous facts to make it intelligible. 2 McDonald, Texas Civil Practice §§ 9.16, 9.17; *Grapevine Trucking, Inc. v. Shepherd,* 366 S.W.2d 950 (Tex.Civ.App.1963, writ ref. n. r. e.); *Scruggs v. Gribble,* 17 S.W.2d 153 (Tex.Civ. App.1929, no writ).

Hurd does not now contend that 823 South 75th Street is not his usual place of business, that the copies of the citation and petition were not in fact delivered there, that such substituted service was not called for in this case, nor that he did not receive notice of the suit. His first point of error states that the record shows no proper service upon the defendant to warrant the rendition of a judgment against him. He argues only that service was improper because "the constable's return does not reveal substitute service 'at the usual place of business of Defendant' as ordered by the court."

▆ We agree. When service is made by leaving a copy of the citation and petition at the defendant's usual place of business as authorized by an order issued pursuant to Rule 106, the return must state that the address at which the papers were left was the usual place of business of the defendant. In our case neither the trial court's order nor the constable's return states that the address in question is the defendant's usual place of business; reference must be made to an extraneous source, the motion for substituted service, for an allegation that 823 S. 75th Street is the defendant's usual place of business.

▆ Default judgments can only be permitted where there has been strict adherence to the statutory requisites of citation. *Kirkegaard v. First City National Bank of Binghamton, N.Y.,* 486 S.W.2d 893 (Tex.Civ. App.1972, no writ).

▆ It is not sufficient for the return merely to state that a copy of the citation and petition have been left at a certain address without also stating that that address is the defendant's usual place of busi-

ness. We sustain the appellant's first point of error, so this cause must be reversed, and we do not reach his complaint about the awarding of an attorney's fee.

Reversed and remanded.