**Bruce BROWN, Individually and d/b/a Computer Tape Products, Appellant,**

v.

**MAGNETIC MEDIA, INC., Appellee.**

**No. 01–89–01046–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 23, 1990.

Jerome Godinich, Houston, for appellant.

William A. Peterson, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

OPINION

EVANS, Chief Justice.

ON MOTION FOR REHEARING

We withdrawal our original opinion and substitute the following in its stead. We also grant appellee's motion for rehearing.

This is an appeal by writ of error from a default judgment in favor of appellee in a suit on a sworn account. Appellee initiated this suit against appellant on January 8, 1987, alleging that appellant was liable individually and in a business capacity as Computer Tape Products. Appellee first tried to obtain personal service on appellant, but those efforts were unsuccessful. Finally, appellee obtained an order from the court authorizing substituted service on appellant's receptionist, pursuant to the following order:

ORDERED that the Clerk of this Court issue citation by substitute service by Rule 106 on Defendant, BRUCE BROWN, by the officer leaving a copy of the citation, with Petition attached, at the usual place of business of said Defendant, 1700 One Riverway, Houston, Texas 77056, by delivering the citation to KIM SANDERS, receptionist of Defendant, at said address.

The transcript contains returned citations, both of which recite that appellant's receptionist was served "as per Rule 106" at "One Riverway, Suite 1700." The returns do not state that the address of the perfected service was appellant's usual place of business.

In our original opinion, a majority of the Court concluded that the attempted service did not comply with either TEX.CIV.PRAC. & REM.CODE ANN. § 17.021 (Vernon 1986), or with TEX.R.CIV.P. 106(b)(1), because the return did not state that the address of service was appellant's usual place of business. *See Ashley Forest Apts. v. Almy,* 762 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1988, no writ) (substituted service under section 17.021 held invalid because, among other things, the face of the record did not affirmatively show that the address of service was defendant's office, place of business, or agency for transacting business). In reaching its decision, the Court's majority concluded that for service to be effective at a "defendant's usual place of business," the return must affirmatively state that the address of service was, in fact, the defendant's usual place of business. *See Hurd v. D.E. Goldsmith Chem. Metal Corp.,* 600 S.W.2d 345, 346 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). In a dissenting opinion, Justice Mirabal argued that the service was not invalid and that the face of the record showed that 1700 One Riverway, Houston, Texas, was defendant's usual place of business.

After considering appellee's motion for rehearing and further considering the dissent's persuasive arguments, we have decided the absence of the words "defendant's usual place of business" after the

address of service on the officer's return is not a fatal defect.

Thus, we agree with the proposition advanced by the dissent, that we may properly consider the rule 106 order as being a part of the face of the record in making our determination of whether the record reflects valid service of citation. The order specifically authorizes rule 106 substitute service, at the defendant's usual place of business, "1700 One Riverway, Houston, Texas 77056," by delivering the citation to the defendant's designated receptionist at said address. The officer's return shows that the citation was delivered in accordance with the court's order. Thus, we hold that the service was not invalid.

Our holding in this respect is not inconsistent with our prior holding in *Hurd*, 600 S.W.2d at 346. In *Hurd*, neither the trial court's order nor the constable's return stated that the address in question was the defendant's usual place of business. Here, the court's order specifically states that the address in question is defendant's usual place of business, and the constable's return specifically refers to the court's order.

Appellee's motion for rehearing is granted, and appellant's sole point of error is overruled. The trial court's judgment is affirmed.