Mohammad Amin PATEL d/b/a State Life Insurance Agency, Appellant,

v.

PARK PLAZA HOSPITAL, Appellee.

No. 01–92–01093–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1993.

Rehearing Denied Dec. 2, 1993.

Robert L. Steinberg, Croley & Steinberg, L.L.P., Houston for appellant.

Mark Douglas Herbert, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and MIRABAL, JJ.

## OPINION ON MOTION FOR REHEARING

MIRABAL, Justice.

 The majority reaffirms its original decision, and overrules the motion for rehearing. We note that the officer's return states the citation was delivered "by Rule 106." We may properly consider the rule 106 order as being part of the face of the record in making our determination of whether the record reflects valid service of citation. *Brown v. Magnetic Media, Inc.*, 795 S.W.2d 41, 43 (Tex.App.—Houston [1st Dist.] 1990, no writ).

COHEN, J., concurring.

OLIVER–PARROTT, C.J., dissenting.

COHEN, Justice, concurring.

The dissent would reverse because the return of service does not show that the person served under rule 106 was over the age of 16.

Although that is true, I would not reverse because the appellant's brief does not say a word about that. Thus, that complaint has been waived. TEX.R.APP.P. 74(d), (f). This is not some mere "technicality." The appellant's point of error complained of "defects in the return of citation." It alleged numerous defects—none of which was that the person served was under 16. The appellee responded to the points made in the appellant's brief. Naturally, it did not respond to points that were not made in the appellant's brief. We three judges showed up at oral argument, having read the briefs and studied the record, only to then discover that the appellant had a new reason (under 16) for reversal, one he did not reveal until oral argument. He offered to file a supplemental brief. We refused it because we had no interest in deciding this case twice, and we assumed that the appellee had no desire to brief it twice. A party should not be allowed to use oral argument as a tool to spring new grounds for reversal on his adversary and the Court. Thus, I would hold that the new complaint was waived.

OLIVER–PARROTT, Chief Justice, dissenting.

I respectfully dissent. The appellant's point of error number one read, "The trial court did not have in personam jurisdiction over defendant, Patel, due to defects in the return of citation." That point was sufficiently broad to bring to the appellate court's attention any defect apparent on the face of the return of service. There is no presumption of valid issuance, service, and return of citation when examining a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1986). The rule 106 order specifically states that service shall

be by an officer leaving a true copy of the citation, with attached copy of the petition in this cause, with anyone over sixteen (16) years of age at Chevron Station, 10902 Bissonnet, Houston, Harris County, Texas 77099, which is the usual place of business of the Defendant. It is further ORDERED, that the return of the officer be endorsed on or attached to the citation,

stating when and how the citation was served, and be signed by the officer officially.

There is no evidence in the record suggesting that Pyavavi Mouvnin was 16 years of age or older. With no presumptions and no evidence affirmatively showing the necessary requisites of service were accomplished, the service of process is invalid. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990).

The default judgment should be reversed because the service of process was not in strict compliance with the rules. A default judgment cannot withstand a direct attack by a defendant who demonstrates he was not served in strict compliance with the law. *Id.* Considering that a default judgment abolishes a defendant's right to be heard on the merits, and, in the case of rule 106 service, does so without personal service, a failure of strict compliance on the face of the return should defeat the judgment.

Our original opinion should be withdrawn. The appellant's motion for hearing should be granted. The default judgment rendered by the trial court should be reversed.