Carol BURNS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00999–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 14, 1994.

Carol Burns, pro se.

John B. Holmes, Jr., Dist. Atty., Kathleen A.B. Braddock, Mark A. Font, Asst. Dist. Attys., Harris County, for appellee.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Carol Burns, appeals by writ of error from a default judgment rendered in a criminal bail bond forfeiture case. We affirm.

### Facts

On June 22, 1990, Israel Vasquez entered a plea of guilty to the charge of possession of marihuana and was sentenced to seven-years confinement. Vasquez notified the trial court that he intended to appeal, and the trial court set his appeal bond at $10,000.

Also on June 22, 1990, Vasquez, as principal, and Burns, as surety,[1] executed an appeal bond, and Vasquez was released from custody. On April 25, 1991, the Fourteenth Court of Appeals affirmed Vasquez' conviction and issued its mandate on June 13, 1991. On June 21, 1991, Vasquez did not appear in the trial court, and his bond was ordered forfeited. On June 24, 1991, the trial court entered the judgment of forfeiture, or judgment nisi.

The bond forfeiture case was assigned a separate cause number in the trial court. Over the next 18 months, the State attempted on four occasions to serve Burns with citation and a copy of the judgment nisi by certified mail, return receipt requested. On February 4, 1993, the trial court ordered substituted service on Burns. The order directed service on Burns by leaving a copy of the citation with anyone over 16 years of age at Burns' usual place of business. The officer's return of service shows that the deputy constable served Sharon Beaman on February 8, 1993, at Burns' place of business.

Burns failed to answer or make an appearance in the bond forfeiture case, and the trial court entered a default judgment on May 21, 1993. On June 17, 1993, Burns filed a motion for new trial, asserting that she had a meritorious defense to the bond forfeiture action. After the hearing on the motion for new trial, the trial court denied the motion.

### Standard of Review

The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months from the signing of the judgment; (2) by a party to the lawsuit; (3) who did not participate in the trial on the merits; and (4) error must be apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex. App.—Houston [1st Dist.] 1992, writ denied). There is no dispute in this case that Burns satisfies the first three elements for review by writ of error. The only dispute is whether error exists on the face of the record requiring the default judgment to be set aside.

### Defective Service

In point of error one, Burns contends the trial court erred in rendering a default judgment because service of process was defective.

Defective service is error apparent on the face of the record. *Hesser,* 842 S.W.2d at 765. There are no presumptions in favor of valid issuance, service, and return of citation when a default judgment is attacked by writ of error; failure to show strict compliance will render any attempted service invalid and cause a default judgment to be set aside. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985); *Hesser,* 842 S.W.2d at 765. Thus, strict compliance with the rules requiring service of process must be affirmatively shown by the transcript unless the defendant voluntarily appeared before judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Hesser,* 842 S.W.2d at 765.

First, Burns contends that service did not strictly comply with the trial court's order allowing substituted service because the officer's return did not state that a copy of the order authorizing substituted service was served with the citation.

Rule 106(b)(1) of the Texas Rules of Civil Procedure authorizes substituted service on a defendant by leaving a true copy of the citation, with a copy of the petition attached, with anyone over 16 years of age at the address specified in the affidavit supporting the motion for substituted service. Rule 107 of the Texas Rules of Civil Procedure provides:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. . . .

> Where citation is executed by an alternative method as authorized by Rule 106,

---

1. Burns is a licensed bail bondsman.

proof of service shall be made in the manner ordered by the court.

Here, the trial court's order authorizing substituted service ordered service on Burns "by leaving a true copy of the citation with a copy of the judgment nisi attached and *a copy of this order*, with anyone over 16 years of age at 609 Houston Ave., Houston, Texas 77007, which is defendant's usual place of business." However, the trial court further ordered that "the return of the officer be endorsed on or attached to the citation, state when and how citation was served, and be signed by the officer officially." This language tracks the language of TEX.R.CIV.P. 107. The officer's return of service on Burns states:

Executed at 609 Houston Ave. on 2–8–93 at 2:17 p.m. by leaving a copy of this citation along with a copy of the Judgment of Forfeiture with Sharon Beaman, a person over sixteen years of age at that address.

The officer who served the citation then signed the return.

Rule 107 requires the officer's return to be executed in the manner ordered by the court when substituted service is authorized. Here, the trial court's order stated that the officer's return show when and how citation was served and be signed by the officer officially. The officer who served Burns executed the return of service in this manner. While the court's order stated that a copy of the order had to be served with the citation, the order did not require the officer's return to evidence that a copy of the order was served. Accordingly, the proof of service was not defective in this respect.

■ Next, Burns contends that the officer's return was defective because, while stating the street address where service was perfected, the return failed to show that the citation was served in Houston.

In *Brown v. Magnetic Media, Inc.*, 795 S.W.2d 41, 43 (Tex.App.—Houston [1st Dist.] 1990, no writ) (op. on reh'g), this Court held that the order authorizing substituted service may properly be considered a part of the face of the record in making a determination of whether the record reflects valid service of citation. In *Brown*, the trial court authorized substituted service by leaving a copy of the citation and petition with appellant's receptionist at appellant's usual place of business. The officer's return did not state that the address of the perfected service was appellant's usual place of business. 795 S.W.2d at 42. Because the order of substituted service was part of the face of the record and showed that the address at which appellant was served was his usual place of business, service was not invalid. *Id.* at 43.

In this case, the order authorizing substituted service provides Burns complete address: 609 Houston Ave., Houston, Texas 77007, which is her usual place of business. The citation also sets forth her complete address. The officer's return shows that the citation was delivered to 609 Houston Ave., which is in accordance with the court's order. Thus, service was not invalid.

Burns asks this Court to take judicial notice of the fact that there is a Houston Avenue in the city of Houston and in the city of Humble, and that both cities are in Harris County.[2] Burns contends that this fact shows that the return of service did not strictly comply with the trial court's order authorizing substituted service because two cities in Harris County have the same address.

We have determined that the officer's failure to include the city in which service was perfected did not invalidate service on Burns; therefore, we need not consider Burns' argument or the appendix attached to her brief.

We overrule point of error one.

### Bond Forfeiture

In point of error two, Burns contends the trial court erred in entering a default judgment because the record does not contain a judgment from the Texas Court of Criminal Appeals as required by the bond, and therefore, the record does not support the judgment of forfeiture.

■ Article 22.02 of the Code of Criminal Procedure (Vernon 1989) provides the man-

---

**2.** Burns attached an appendix to her brief of    addresses located in Humble.

ner in which a bond forfeiture may be taken. Article 22.02 directs that the defendant's name be called distinctly at the courthouse door; the defendant be given a reasonable time after the call in which to appear; and upon his failure to do so, "judgment shall be entered" for the State on the bond forfeiture. Thus, the State's proof in a bond forfeiture proceeding consists of the bond itself and a judicial finding that the defendant was called and failed to appear. This finding constitutes a judicial declaration of forfeiture of the bond. *Alvarez v. State,* 861 S.W.2d 878, 887 (Tex.Crim.App.1992) (op. on reh'g) (citing *Tocher v. State,* 517 S.W.2d 299, 301 (Tex. Crim.App.1975)). The judicial declaration of the forfeiture bond is the judgment nisi. *Id.* Thus, the judgment nisi is prima facie proof that the statutory requirements of TEX.CODE CRIM.P.ANN. art. 22.02 have been satisfied. *Id.*

In this case, Burns does not contest the validity of the bond; the judgment nisi satisfies the requirements of article 22.02. Therefore, we find no error on the face of the record as to the entry of the forfeiture judgment. Moreover, we do not find a requirement that a judgment from the Court of Criminal Appeals needs to be in the record in order for the trial court to enter the judgment for forfeiture.

We overrule point of error two.

We affirm the trial court's judgment.

HEDGES and ANDELL, JJ., also participating.