Drexel **FAGGETT**, Appellant,

v.

Jean **HARGROVE**, Appellee.

No. 01–94–01114–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1995.

Alfred G. Santos, Houston, for appellant.

Kimberly A. Miller, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

1. *See* Tex.R.Civ.P. 103.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Drexel Faggett, appeals by writ of error from a default judgment in a suit establishing appellant as the father of Janea R. Hargrove. Appellant asserts that he was not properly served before the trial court entered a default judgment against him. We reverse and remand.

### Background

The appellee, Jean Hargrove, filed her original petition on May 27, 1992, and citation was issued May 28, 1992. From June 1, 1992, through June 5, 1992, Deputy Constable H.F. Harris of Harris County Constables Precinct Number Five attempted to serve appellant at his residence. Specifically, Harris attempted service on June 1, 1992, at 1:05 p.m., but there was no response. On June 2, 1992, at 2:45 p.m., Harris left a "door hanger" advising appellant of his attempt at service. At 8:45 p.m. on the same day, Harris returned to appellant's residence and observed that the "door hanger" was gone. Although there were voices inside appellant's residence, there was no response when Harris attempted service. Finally, on June 5, 1992, at 1:45 p.m., Harris unsuccessfully attempted service at appellant's residence.

On June 23, 1992, the trial court ordered substituted service as follows:

> [S]ervice of citation may be made on DREXEL FAGGETT by the officer's leaving a copy of the citation, with petition attached, with anyone over sixteen (16) years of age at 8701 Gustine # 6610 Houston, Texas 77031 or the [appellant's] usual place of business, the Xerox Corporation, at 1614 Fannin, Houston, Texas 77002.

On September 24, 1992, an authorized person[1] delivered a copy of the citation and petition at 1614 Fannin, Houston, Texas. The style of the cause on the citation is "PLAINTIFF: HARGROVE, JEAN v. DEFENDANT: INRE." The citation is addressed as follows:

> THE STATE OF TEXAS, County Of Harris

To The Sheriff or Any Constable of Texas, Or Other Authorized Person

TO: Drexel Faggett, 8701 Gustine, # 6610, Houston, Tx. 77031

The return of service reads as follows:

Came to hand at 3 o'clock p.m., on the 17th day of September, 1992. Executed at (address) *1614 Fannin* in *Harris* County at *10:30* o'clock *A.*M., on the *24* day of *Sept.,* *1992,* by delivering to *Fong, Tran at 1614* defendant, in person, a true copy of this Citation . . .

Appellant failed to answer or appear when the case was called on April 12, 1994. After hearing evidence, the trial court found that appellant was the father of Janea R. Hargrove, and entered default judgment on May 12, 1994. Appellant filed a petition for writ of error on September 14, 1994.

█ The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months from the signing of judgment; (2) by a party to the lawsuit; (3) who did not participate in the trial on the merits; and (4) error must be apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 646 (Tex.1985); *Burns v. State,* 881 S.W.2d 132, 133 (Tex. App.—Houston [1st Dist.] 1994, no writ). The only dispute is whether error exists on the face of the record requiring the default judgment to be set aside.

█ An appeal by writ of error is a direct attack. *Encore Builders v. Wells,* 636 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1982, no writ). A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the Texas Rules of Civil Procedure. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *McGraw–Hill, Inc. v. Futrell,* 823 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985); *McGraw–Hill,* 823 S.W.2d at 416. Jurisdiction over the defendant must affirma-

tively appear by a showing of due service of citation, independent of the recitals in the default judgment. *Massachusetts Newton Buying Corp. v. Huber,* 788 S.W.2d 100, 102 (Tex.App.—Houston [14th Dist.] 1990, no writ).

### Citation

In his first point of error, appellant contends that the trial court erred in entering default judgment because the citation does not comport with the rules, rendering the service fatally defective and insufficient to confer personal jurisdiction over him. We agree.

To be valid, a citation must comply with the following 12 requirements:

**Form.** The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) *show names of parties,* (8) *be directed to the defendant,* (9) show the name and address of attorney for plaintiff, otherwise the address of the plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition. . . .

Tex.R.Civ.P. 99(b)(1)–(12) (emphasis added).

█ The citation is defective for two reasons. First, the citation shows the defendant as "INRE" rather than Drexell Faggett. This does not show the name of the defendant as required by rule 99(b)(7). Second, the citation is directed "to the sheriff or constable of Texas," and "to Drexell Faggett." Failure to direct citation to the defendant as required by the rules results in a void citation, ineffective service, and a void default judgment. *ISO Prod. Management 1982, Ltd. v. M & L Oil & Gas Exploration, Inc.,* 768 S.W.2d 354, 355 (Tex.Civ.App.— Waco 1989, no writ). The rules concerning service of process are to be strictly con-

strued. *Lawyers Civil Process, Inc. v. State ex rel Vines,* 690 S.W.2d 939, 942 (Tex.Civ. App.—Dallas 1985, no writ). Under such strict construction, rule 99(b)(8) requires that the citation be directed to the defendant. It does not require that it be directed to the sheriff. Not only is directing the citation to both the sheriff and defendant confusing, it fails to strictly comply with the rules.

Because the face of the citation was not in strict compliance with the rules, service of process was invalid.

We sustain appellant's first point of error.

### Return of Service

Additionally, appellant asserts that the trial court erred in entering default judgment because the return of service did not comply with the rules. As with the citation, when a default judgment is attacked the record must show strict compliance with the procedural rules relating to the return. *Uvalde Country Club,* 690 S.W.2d at 885; *McGraw–Hill,* 823 S.W.2d at 416.

Rule 107 sets out the following requirements for return of service:

> The return of the officer or authorized person executing the citation *shall be endorsed on or attached to the same; it shall state when the citation was served* and *the manner of service* and *be signed by the officer officially or by the authorized person.* The return of citation by an *authorized person shall be verified.*
>
> .  .  .  .  .
>
> Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court. . . . [2]

Tex.R.Civ.P. 107. (emphasis added)

If any of the above italicized requirements are not met, the citation is fatally defective and will not support a default judgment under direct attack. *Huber,* 788 S.W.2d at 102.

Rule 106(b)(1) authorizes substituted service on a defendant by leaving the citation and petition with anyone over 16 years old at the address specified in the affidavit support-ing the motion for substituted service. Tex. R.Civ.P. 106(b)(1).

Here, the trial court's order authorized rule 106 substituted service on appellant by leaving a copy of the process with anyone over 16 years of age at "[appellant's] usual place business, the Xerox Corporation, at 1614 Fannin, Houston, Texas 77002." At issue here is whether the return recited the manner of service as required by rule 107. We find that it did not.

Rule 107 does not define "manner of service." The Amarillo Court of Appeals' decision in *Curry Motor Freight v. Ralston Purina Co.,* 565 S.W.2d 105, 106–07 (Tex. App.—Amarillo 1978, no writ), is helpful in that the court considered whether a return stated the manner of service. The *Curry* court held that the statement "by *delivering* to . . . *Garnishee Curry Motor Freight*" did not comply with rule 107 because Curry Motor Freight was not a person capable of accepting such process. *Id.* at 106 (emphasis added). It was defective even though the statement "technically" shows a manner of service. *Id.* Implicit in the *Curry* court's holding is that a return must show two things to satisfy the "manner of service" requirement: first, how the citation was served (*e.g.* delivered or mailed) and second, that it was delivered to a person capable of accepting the citation.

■ Furthermore, in determining whether the return states the manner of service, the order authorizing substituted service may be considered a part of the face of the record. *Brown v. Magnetic Media, Inc.,* 795 S.W.2d 41, 42 (Tex.App.—Houston [1st Dist] 1990, no writ); *see also Burns,* 881 S.W.2d at 134. Therefore, the *Magnetic Media* court held that the absence of the words "defendant's usual place of business" was not defective when the court's order specifically states that the address in question is defendant's usual place of business, and the constable's return specifically refers to the court's order. *Magnetic Media,* 795 S.W.2d at 43. The return in *Magnetic Media* recited that appellant's receptionist was served "as per Rule 106" at "One Riverway, Suite 1700." *Id.* at 42. In

---

**2.** Here, the trial judge did not order the manner   by which proof of service was to be made.

*Burns,* this Court reaffirmed the proposition that the absence of the words "defendant's usual place of business" was not defective service. *Burns,* 881 S.W.2d at 134. However, this holding was made in light of the following return:

> Executed at 609 Houston Ave. on 2–8–93 at 217 p.m. by leaving a copy of this citation along with a copy of the Judgment of Forfeiture with Sharon Beaman, a person over sixteen years of age at that address.

*Id.* Unlike the return here, the *Burns* return clearly stated the manner of service.

■ Here, as in *Magnetic Media,* 795 S.W.2d at 42, and *Burns,* 881 S.W.2d at 134, the trial court's order for substituted service stated that 1614 Fannin Street was appellant's usual place of business. Unlike *Magnetic Media* and *Burns,* however, the return stated nothing regarding the manner of service. The *Magnetic Media* return stated that service was "per Rule 106," and the *Burns* return stated that a copy of the citation was left with a person over sixteen. Here, the return merely states that the process was delivered to *"Fong, Tran at 1614* defendant, in person." While the word "delivering" technically shows a manner of service, the return does not state that "Fong, Tran" was a person capable of accepting the citation. That is, there is no indication on the face of the record or the return that "Fong, Tran" was a person over 16 years of age. The return did not comply with the rule 107 requirement of stating the manner of service.

Furthermore, the return is full of mistakes. It states it was delivered to street number "1614," without referring to the street name, "Fannin." The server failed to cross out the preprinted word "defendant." While this alone may not defeat compliance with rule 107, *Payne & Keller Co. v. Word,* 732 S.W.2d 38, 41 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), when combined with the other defects, we find that the standard of strict compliance is defeated.

Because the return does not state the manner of service and because it is replete with mistakes, we find it does not comply with rule 107 and is fatally defective. We sustain appellant's second point of error.

**Rule 118 Amendment**

Appellee argues that rule 118 allows the court to amend any process or proof of service, "unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process was issued." Tex.R.Civ.P. 118. Because there is not a court order amending the process or proof of service, it is unnecessary for us to address this contention.

Because we sustain appellant's first and second points of error, we do not reach appellant's third point of error.

The judgment is reversed and the cause remanded for further proceedings.