# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00074-CV

### Fred Norton d/b/a Austin Auto Sports, Appellant

### v.

### Alfredo M. Lucio, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GN202280, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Fred Norton, brings this restricted appeal to challenge the no-answer default judgment obtained against him by appellee, Alfred Lucio, in an automobile accident case. Norton asserts that the default judgment should be overturned due to improper service of process. Specifically, in two issues, Norton contends that return of citation failed to strictly comply with the district court's order for substituted service because the return did not state (i) whether the person served was over the age of sixteen and (ii) whether a copy of the order was delivered along with the citation and the petition. Because the district court's order did not require either of these clauses to be expressly stated on the return, we affirm the default judgment against Norton.

**BACKGROUND**

In January 2001, Fred Norton permitted a third party to drive his car. This third-party driver had a wreck in Norton's car, damaging Alfred Lucio's trailer. As a result, Lucio sued both Norton and the third party, but then severed the claims against Norton. After unsuccessful attempts to serve Norton personally, Lucio obtained an order for substituted service from the district court, pursuant to Texas Rule of Civil Procedure 106. The officer carried out substituted service in accordance with the order and then filed his return of citation with the clerk. Norton did not file an answer or make an appearance. As a result, the district court rendered a final default judgment against Norton on August 16, 2002. Thereafter, Norton timely filed a restricted appeal in this Court to contest the default judgment.

**ANALYSIS**

*Restricted Appeal*

In a restricted appeal, a party must satisfy five elements to have the underlying judgment reversed: (1) a notice of appeal must be filed within six months after the district court signs the final judgment (2) by a party to the lawsuit (3) who did not participate in the hearing that resulted in the complained-of judgment, (4) who did not timely file a post-judgment motion or request findings of fact and conclusions of law, nor file a notice of appeal, and (5) the final judgment's alleged error must be apparent from the face of the record. *TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.). *See* Tex. R. App. P. 26.1(c), 30. Here, the only disputed element is the last one—whether error exists on the face of the record that would require the default judgment to be reversed. For purposes of a restricted appeal, the face of the

2

record includes the order authorizing substituted service, as well as "all papers on file in the appeal." *TAC Ams.*, 94 S.W.3d at 318. *See also Faggett v. Hargrove*, 921 S.W.2d 274, 277 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Burns v. State*, 881 S.W.2d 132, 134 (Tex. App.—Houston [1st Dist.] 1994, no writ).

### *Substituted Service under Rules 106 and 107*

When a plaintiff has attempted personal service, yet is unsuccessful, and thus actual notice is impractical, the plaintiff may take advantage of an alternative method of service under rule 106(b). Tex. R. Civ. P. 106; *State Farm Fire & Cas. v. Costley*, 868 S.W.2d 298, 298 (Tex. 1993). Substituted service is permitted

> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). If substituted service is authorized under rule 106(b), then rule 107 mandates that the proof required of such service "shall be made in the manner ordered by the court." *Id*. 107. Thus, the district court's order provides two important, but distinct, instructions: what method of service shall be used and how that service shall be proven. The latter instruction describes exactly what information must be stated on the return of citation. *Walker v. Brodhead*, 828 S.W.2d 278, 282 (Tex. App.—Austin 1992, writ denied) (distinguishing between the service and the return, stating, "[i]t is the service, not the return, which gives the court jurisdiction over the defendant. . . . The return of citation is but the certificate of the officer as to where, when, and how it was executed.").

3

Here, the district court's order for substituted service first instructed

> that service of citation may be made on Defendant, FRED NORTON dba AUSTIN
> AUTO SPORTS, by leaving a copy of the citation, with a copy of the petition and a
> copy of this order attached, with any person 16 years of age or older at: Defendant's
> usual place of business: 5620 Burnet Road, Austin, Texas 78757.

The court then instructed "that proof of service shall be made by the person executing the return, stating when the citation was served, on whom it was served, and where it was served." Neither party asserts that the service failed to comply with the first instruction. Thus, the only issue on appeal is whether the return strictly complied with the court's instruction regarding the proof of service.

### *Return of Citation*

It is well established that strict compliance with the rules of service must be evident from the record to uphold a default judgment. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Faggett*, 921 S.W.2d at 277. Further, when a default judgment is challenged, "[t]here are no presumptions in favor of valid issuance, service, and return of citation." *Primate Constr.*, 884 S.W.2d at 152. Instead, the plaintiff who obtained the default judgment has the burden to prove that each element of service was proper. *Id*. at 153. If the plaintiff can carry its burden, the burden then shifts to the defendant to prove why service was improper. To do so, the defendant must prove error exists with more than "[m]ere formalities, minor defects, or technical insufficiencies," because these "will not invalidate a default judgment." *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ). Thus, courts will uphold default judgments when the plaintiff is able to

4

prove that the service and the return strictly complied with the court's instructions, and the defendant fails to prove any other manner in which the service or the return violated that person's due process rights. This necessarily requires a case-by-case evaluation, because rule 107 gives the trial judge discretion over what proof will be required in the officer's return. Tex. R. Civ. P. 107.

Norton claims that the default judgment against him should not stand because the return did not state whether the recipient of service was a person over sixteen years of age or whether a copy of the order was served in addition to the citation and the petition. Clearly, the court's order instructed that service be made on a person over sixteen and that a copy of the order be served. However, the court's order did not require this information to be affirmatively recited on the return. Rather, the only proof of service required was that the return be made "by the person executing the return" and that it state "when . . ., on whom . . ., and where it was served." *See Stankiewicz v. Oca*, 991 S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no pet.). Undoubtedly, the return in this case strictly complied with these elements because it was signed by the executing officer and it stated that service occurred "at 5620 Burnet Rd, Austin Tx, within the county of Travis [*where*] on the 23 day of Apr, 02, at 9:50 o'clock A.M. [*when*], by delivering to the within named Fred Norton DBA Austin Auto Sports by delivering to Alison Cranford [*on whom*]."[1]

Other appellate courts have followed this same reasoning. In *Burns v. State*, the district court's order was functionally identical to the one here, including a requirement that a copy of the order be served along with the citation. 881 S.W.2d at 132. There, as here, the defendant

---

[1] The underlined text represents the words filled in by the serving officer on the return, which was a standard, pre-printed form.

5

asserted that there was not strict compliance because the return failed to affirmatively state whether a copy of the order was served. *Id.* at 133. The court disagreed with the defendant and upheld the default judgment. *Id*. at 135. First, the court observed that all of the express instructions for the return were met: It was endorsed; it stated when and how it was served; and it was signed. *Id*. at 134. Then, the court reasoned that "[w]hile the court's order stated that a copy of the order had to be served with the citation, the order did not require the officer's return to evidence that a copy of the order was served. Accordingly, the proof of service was not defective in this respect." *Id*. at 135.

In *Stankiewicz v. Oca*, the court recognized the distinction between service and return of service. 991 S.W.2d at 308. In response to the defendant's claims that there was a lack of strict compliance, the court held that the order required "nothing more" of the return than to be signed and to state when and how the defendant was served. *Id*. at 311. Because these three requirements were satisfied, the court held that the return of service was proper and affirmed the default judgment. *Id*. at 311-12.

Finally, in *Patel v. Park Plaza Hospital*, the defendant challenged the default judgment on the basis that, although the return did not expressly state whether the person served was over sixteen, it said that service was made "by Rule 106." 866 S.W.2d 645, 646 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The court affirmed the default judgment because the order did not require the return to affirmatively state the recipient's age and because the court may look to the order "as being part of the face of the record in making [a] determination of whether the record reflects valid service." *Id*. As in *Patel*, the return here also stated that it was "pursuant to a

6

[rule 106] order for substituted service." This language, verified by the serving officer before a notary public, confirms that the process was served according to the court's instructions.

In contrast to these cases, Norton points to others in which default judgments were overruled due to a lack of strict compliance. Norton primarily relies on *Dolly v. Aethos Communications*, 10 S.W.3d 384 (Tex. App.—Dallas 2000, no pet.), and *Faggett*, 921 S.W.2d at 274, both of which are distinguishable from the instant case. Unlike Norton's return, the returns in both *Dolly* and *Faggett* contained an abundance of errors. In *Dolly*, the court concluded that there was a lack of strict compliance "because of the numerous defects in the return of service" and pointed to statements in the return that were "inherently inconsistent," which made it "impossible to determine whether the citation was in fact served pursuant to the rules of civil procedure and the trial court's order." 10 S.W.3d at 388-89. In *Faggett*, the court stated that the return was "fatally defective" because it was "replete with mistakes." 921 S.W.2d at 278. *See also Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ) (distinguishable because the method of substituted service used was "affixing [it] to the door," rather than leaving it with a person over the age of sixteen). Here, the return precisely satisfied each element of the district court's instructions and it expressly stated that it was made "pursuant to the order for substituted service [under rule 106]." Moreover, in *Faggett* the multiple errors were significant, such as failing to direct the citation at the defendant, to properly name the defendant, to show that the person served was someone other than the defendant, and to include the name of the street where service occurred. *Id*. at 276-79. In the instant case, the errors complained of were not actually errors at all: Norton claims the return was defective because it did not state the age of the recipient and it did not state whether a copy of

7

the order was served. But, the district court's order did not require that this information be stated on the return. If we were to hold that this return was insufficient, then we would be requiring more from the return than was required by the district court's order. Therefore, we hold that the return is not defective.

## CONCLUSION

The return of citation in this case strictly complied with the district court's order for substituted service because it affirmatively recited all of the elements required by the order: The return was signed, and it stated when, where, and on whom service was executed. The district court's order did not require the return to include details concerning the age of the recipient and the contents of service. Therefore, the fact that the return left out such information does not render it defective. Because Norton only challenged the default judgment based on these omissions in the return, his appeal must fail. We overrule Norton's issues on appeal and affirm the district court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: June 19, 2003

8