BROWN V. CLARK CINCINNATI, INC.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-378-CV

JOHN F. BROWN APPELLANT

V.

CLARK CINCINNATI, INC. D/B/A APPELLEE

CLARK STEEL FRAMING SYSTEMS

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant John F. Brown brings this restricted appeal to challenge the no-answer default judgment obtained against him by Appellee Clark Cincinnati, Inc. d/b/a Clark Steel Framing Systems (“Clark”).  Brown raises two issues, asserting (1) that Clark did not serve Brown with service of process in strict compliance with the Texas Rules of Civil Procedure and (2) that the trial court erred in finding Brown personally liable to Clark under a personal guarantee.  We will affirm.

II.  Factual and Procedural Background

On April 25, 2002, Clark filed suit against Tri-Steel Structures, Inc. (“Tri-Steel”) after Tri-Steel allegedly defaulted on two promissory notes that it had executed.  Clark alleged that it had accepted these promissory notes in lieu of payment for steel products that it had sold to Tri-Steel.  Clark further alleged that Brown, who was the owner and chairman of Tri-Steel, had agreed to personally guarantee all purchase orders of Tri-Steel to Delta Metal Products, Inc. (“Delta Metal”), which was the predecessor in interest to Clark.  Thus, Clark named Brown as a defendant because Tri-Steel’s default on the promissory notes triggered Brown’s liability on the personal guarantee, which amounted to over $147,000. 

After unsuccessful attempts to serve Brown personally and as the registered agent for Tri-Steel, Clark obtained an order for substituted service from the district court in accordance with Rule 106 of the Texas Rules of Civil Procedure.  
Tex. R. Civ. P.
 106.  On May 17, 2002, Clark served both defendants pursuant to that order.  Neither Brown nor Tri-Steel answered the lawsuit, and on June 13, 2002, Clark obtained a default judgment against both Brown and Tri-Steel.
(footnote: 2) 

III.  Restricted Appeal

In order to directly attack the trial court’s judgment, a restricted appeal must (1) be brought within six months after the trial court signs the judgment (2) by a party to the suit (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record.  
See 
Tex. R. App. P. 26.1(c), 30
; Norman Communications v. Tex. Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997); 
In re E.K.N.
, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.).  The face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal, including the reporter’s record, as they existed in the trial court at the time the default judgment was entered.  
E.K.N.
, 24 S.W.3d at 590; 
Stankiewicz v. Oca
, 991 S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no pet.).  Brown clearly meets the first three requirements for a restricted appeal, but the ultimate issue here is whether he demonstrated on the face of the record that the trial court erroneously entered a default judgment against him.

A.  Substituted Service under Rules 106 and 107

In his first issue, Brown complains that the trial court erred in signing the default judgment against him, alleging that Clark did not serve him in strict compliance with the Texas Rules of Civil Procedure.  Brown alleges five defects, as discussed below, in support of this contention and urges that we reverse the default judgment.  We decline to do so because Clark’s service strictly complied with the rules of civil procedure.

A restricted appeal is a direct attack on the judgment.  
Barker CATV Constr., Inc. v. Ampro, Inc., 
989 S.W.2d 789, 792 (Tex. App.—Houston [1
st
 Dist.] 1999, no pet.).  In order to sustain a default judgment under direct attack, it is essential that there be strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process.  
Stankiewicz
, 991 S.W.2d at 310.

The normal presumptions favoring valid issuance, service, and return of citation do not apply to a default judgment.  
Id.
 (citing 
Primate Constr., Inc. v. Silver
, 884 S.W.2d 151, 152 (Tex. 1994)).  Failure of the record to show strict compliance with the rules voids the attempted service and requires that the default judgment be set aside.  
Samaria Baptist Church v. Royal Surplus Lines Ins. Co.
, 832 S.W.2d 760, 762 (Tex. App.—Fort Worth), 
writ denied per curiam,
 840 S.W.2d 382 (1992).  Jurisdiction over the defendant must affirmatively appear by a showing of due service of citation, independent of the recitals in the default judgment.  
Barker CATV
, 989 S.W.2d at 792.

A return should be given a fair, reasonable, and natural construction to its intent and meaning.  
Regalado v. State
, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ).  The requirement of strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process does not mandate “obeisance to the minutest detail.”  
Id.
 (citing 
Herbert v. Greater Gulf Coast Enter.,
 915 S.W.2d 866, 871 (Tex. App.—Houston [1
st
 Dist.] 1995, no writ)).  As long as the citation and return show, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated.  
Id
.

Was service made to the proper address?

Brown first argues that service was invalid because the address for service of process was not Brown’s home or usual place of business.  “Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.” 
Tex. R. Civ. P
. 107; 
Vespa v. Nat’l Health Ins. Co
., 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.).  When a trial court orders substituted service under rule 106, the only authority for the substituted service is the order itself.  
Vespa
, 98 S.W.3d at 752; 
Dolly v. Aethos Communications Sys., Inc
., 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.).

Clark filed a motion for substituted service, which the trial court granted.  
See
 
Tex. R. Civ. P. 
106(b).  The court’s order for substituted service stated, in pertinent part:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that service upon, TRI-STEEL STRUCTURES, INC. and JOHN F. BROWN, Defendants in the above-styled and numbered cause, be effected by the constable of a person authorized to service process in the State of Texas, leaving a true copy of the Citation, with a copy of the Petition and this Order attached, on the door of or  with anyone over sixteen (16) years of age at the Defendants’ usual place of business which is located at 5400 South Stemmons Freeway, Denton, Texas 76205. 

On May 17, 2002, a private process server delivered two copies of the citation and petition at 5400 South Stemmons Freeway, Denton, Texas–one was addressed to Brown, individually, and the other was addressed to Tri-Steel by serving its registered agent, Brown.
(footnote: 3)  The return of service stated:

Came to hand on the 
29
th
 day of 
April
, 20
02
, at
 11:00 a
.m., and executed on the 
17
th
 day of 
May
, 20
02
, at 
4:25 P
M by delivering to 
the within named
 
Melissa Cagle as allowed by “order for substituted service” attached
 in person a true copy of this citation, with attached copy(ies) of the, Plaintiff’s Original Petition *at 
5400 S. Stemmons Freeway, Denton, TX 76205.

Service fees: $
117.50 
 
Benson H. Wheeler
 
Sheriff/Constable

Dallas
 County, Texas

/s 
Benson H. Wheeler

Deputy
/Authorized Person

Denton County I.D. No. 
1158
[
(footnote: 4)]  

The trial court’s order specifically authorizes Rule 106 substitute service at the defendant’s usual place of business, “5400 South Stemmons Freeway, Denton, Texas 76205,” by attaching the citation, petition, and order to the door or by delivering these documents to anyone over sixteen years of age at that address.  The return of service shows that the citation was delivered in accordance with the court’s order.  
See Brown v. Magnetic Media, Inc
., 795 S.W.2d 41, 42 (Tex. App.—Houston [1
st
 Dist.] 1990, no writ) (op. on reh’g) (holding absence of words “defendant’s usual place of business” was not defective when court’s order specifically states that challenged address is defendant’s usual place of business and return specifically refers to the order).

Further, four exhibits are attached to Clark’s petition, a copy of which was delivered to 5400 South Stemmons.  Notably, Exhibit C is a letter to Delta Metal from Tri-Steel, which is signed by “John Brown, Chairman.”  The letter is written on Tri-Steel letterhead paper and lists the National Headquarters of Tri-Steel as “5400 S. Stemmons Frwy. (I-35), Denton, Texas, 76205.”  The other three documents–two promissory notes and an installment note–also list the address of Tri-Steel at 5400 South Stemmons Freeway (I-35), Denton, Texas, 76205, and they are signed by John F. Brown, Chairman of the Board. Thus, we hold that service was made at 5400 South Stemmons in compliance with the trial court’s order and is not defective on that basis.  
See id.

Does the return of service show strict compliance with the order for substituted service concerning the person purportedly served?

Secondly, Brown argues that the return of service for him does not properly identify or describe the person who was allegedly served with process.  While Brown acknowledges that the substituted service order permits service on someone over sixteen years of age or by posting on the door, he complains that service was defective because no description or age verification of Melissa Cagle, the individual named in the return of service, was included in the return. 

The return of service stated that it was delivered to “Melissa Cagle 
as allowed by 
‘
order for substituted service
.’” [Emphasis supplied.]  Rule 107 of the Texas Rules of Civil Procedure states that “[w]here citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.”  
Tex. R. Civ. P. 
107.  As the supreme court has stated, “The return of service is not a trivial, formulaic document.  It has long been considered prima facie evidence of the facts asserted therein.”  
Primate
, 884 S.W.2d at 152. Moreover, “[t]he recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party.”  
Id
.

The trial court’s order did not specify how the process server was to prove that he or she had served the citation and petition.  Thus, we conclude that in the absence of such a requirement, the return of service reflecting that the process server delivered the citation and petition as allowed by the order for substituted service was not defective for failing to give further descriptive information about Cagle.  
See Pao v. Bray Village Homeowners Ass’n, Inc
., 905 S.W.2d 35, 38 (Tex. App.—Houston [1
st
 Dist] 1995, no writ) (holding that return stating citation and petition were served on “Ke-Nan Pao . . . ‘per 106-attached to front door’” complied with court’s Rule 106 order); 
Magnetic Media
, 795 S.W.2d at 42 (holding service was not invalid where it stated that “appellant’s receptionist was served ‘as per Rule 106‘ at ‘One Riverway, Suite 1700’”); 
cf. Fagget v. Hargrove
, 921 S.W.2d 274, 278 (Tex. App.—Houston [1
st
 Dist] 1995, no writ) (holding return was defective, in part, because it did not state anything concerning the manner of service when it merely stated that process was delivered to “Fong, Tran at 1614 defendant, in person”), 
overruled on other grounds by
 
Barker CATV, 
989 S.W.2d at 793 n.2.

Did the court authorize a private process server to execute service?

Brown next complains that the order for substituted service authorized substituted service only by a constable, not a private process server, which was the alleged method of service used by Clark.  Brown points to the language in the court’s order stating that service “be effected by the constable 
of
 a person authorized to service process in the State of Texas.” [Emphasis supplied.]  He argues that we must strictly construe the terms of the order and conclude that only a constable was authorized to serve him. 

Clark argues that Brown’s argument is flawed because the order contains “a simple and clearly noticeable typographical error.”  Thus, Clark argues that the order permits service by either a constable 
or
 a person authorized to service process.  We apply the same rules of interpretation in construing the meaning of a court order as we employ in ascertaining the meaning of other written instruments.  
Lone Star Cement Corp. v. Fair
, 467 S.W.2d 402, 404-05 (Tex.1971); 
Palomin v. Zarsky Lumber Co
., 26 S.W.3d 690, 694-95 (Tex. App.—Corpus Christi 2000, pet. denied).  As we stated above, we are to give a return a fair, reasonable, and natural construction to its intent and meaning.  
Regalado
, 934 S.W.2d at 854; 
see, e.g., Ortiz v. Avante Villa at Corpus Christi
,
 Inc
., 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied) (“Errors such as mistaken capitalization in the defendant’s name and spelling errors too minor to raise any doubt that the correct person was served are insufficient to invalidate service.”).

Clark’s motion for substituted service under Rule 106 asked the court to order service upon the defendants by the constable 
or
 a person authorized to serve process in the State of Texas.  Literally reading the word “of” in the court’s order, as Brown suggests, does not give a fair, reasonable, and natural construction to its intent and meaning because there is no entity or public office known as “the constable of a person.”  
See 
Tex. Loc. Gov’t Code Ann.
 §§ 86.0021, 86.021 (Vernon Supp. 2003) (describing qualifications, general powers, and duties of a constable);
 Regalado
, 934 S.W.2d at 854
;
 
see also
 
Black’s Law Dictionary 
305 (7
th
 ed. 1999) (defining constable as “[a] peace officer responsible for minor judicial duties, such as serving writs and warrants, but with less authority and smaller jurisdiction than a sheriff”).  Accordingly, giving a fair, reasonable, and natural construction to the trial court’s order, we conclude that the order allowed service by either a constable or a private process server, the latter of which Clark utilized.  
See Palomin
, 26 S.W.3d at 694-95
; Regalado
, 934 S.W.2d at 854.

Was the private process server authorized to serve Brown?

Brown next argues that no proof exists in the record to substantiate that the private process server allegedly used by Clark was authorized to serve Brown with process.  Brown contends that Clark has not included in the record any authorization by law or by written order of the court for Wheeler to serve process in this suit.  We disagree.

Rule 103 of the Texas Rules of Civil Procedure provides that “[c]itation and other notices may be served anywhere by (1) any sheriff or constable or other person authorized by law or, (2) by any person authorized by law or by written order of the court who is not less than eighteen years of age.”  
Tex. R. Civ. P. 
103.  On the return of service, the following verification appears:

VERIFICATION

On this day personally appeared Benson H. Wheeler known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit and 
have been authorized by the Denton County Courts to serve process for Denton County
.

Subscribed and sworn before me on this the 20
th
 day of May, 2000 [sic].

/s Sandra Pore, Notary Public

[Emphasis supplied.]   

Because the return of service constitutes prima facie evidence of the facts asserted therein, we conclude that Wheeler was authorized by the Denton County courts to serve process in Denton County.  
See
 
Primate
, 884 S.W.2d at 152; 
Dolly
, 10 S.W.3d at 389; 
see also Gatlin v. Dibrell
, 74 Tex. 36, 11 S.W. 908, 909 (1889) (“The return of the officer imports absolute verity, and was sufficient to authorize the rendition of judgment upon default . . . .”).  Thus, service was not defective based upon Brown’s claim that Wheeler was not authorized to serve him.

Was the order for substituted service attached to the citation and petition?

Brown also contends that the order for substituted service required a copy of such order to be served along with the petition and citation but that the return of service for Brown only states that the petition and citation were served and is silent as to whether a copy of the order was likewise served.  The return, in pertinent part, states that service was executed by “delivering to . . . Melissa Cagle as allowed by ‘order for substituted service’ 
attached
 in person a true copy of this citation, with attached copy(ies) of the, Plaintiff’s Original Petition.” [Emphasis supplied.]  Thus, the return of service–as prima facie evidence of the facts asserted therein–shows that the order for substituted service was attached and delivered along with the citation and petition.  
See
 
Primate
, 884 S.W.2d at 152; 
Dolly
, 10 S.W.3d at 389; 
see also Gatlin
, 74 Tex. 36, 11 S.W. at 909.  

Accordingly, we hold that service was not defective for failing to include the order for substituted service because the order was attached to the citation and petition.  We further hold that Brown failed to meet his burden of showing error on the face of the record.  
See E.K.N
., 24 S.W.3d at 590.  We therefore overrule Brown’s first issue.

B.  No-Answer Default Judgment

In his second issue, Brown complains that the trial court erred in finding him personally liable to Clark under the letter guarantee.  Specifically, Brown contends that to the extent that Clark is the successor to Delta Metal, as alleged by Clark in its petition, the letter guarantee was superseded by an installment note, which explicitly released and exculpated Brown with respect to any personal liability for the installment note. 

In a no-answer default judgment, all allegations of material fact properly set forth in the petition are deemed admitted, except for the amount of unliquidated damages.  
Jackson v. Gutierrez, 
77 S.W.3d 898, 901 (Tex. App.—Houston [14
th
 Dist.] 2002, no pet.) (citing 
Morgan v. Compugraphic Corp
., 675 S.W.2d 729, 732 (Tex. 1984));
 Flores v. Brimex Ltd. P'ship
, 5 S.W.3d 816, 820 (Tex. App.—San Antonio 1999, no pet.) (citing
 Stoner v. Thompson
, 578 S.W.2d 679, 682 (Tex. 1979)).  Consequently, a default judgment conclusively establishes the defendant’s liability.  
Morgan
, 675 S.W.2d at 731; 
Norton v. Martinez
, 935 S.W.2d 898, 901 (Tex. App.—San Antonio 1996, no writ).  In the present case, Clark’s pleadings establish facts that support Brown’s liability under his personal guarantee.  Brown’s contentions concerning the allegations in Clark’s petition are without merit, and we overrule his second issue.

IV.  Conclusion

Having overruled both of Brown’s issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  September 18, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Tri-Steel is not a party to this appeal.

3:
Because Tri-Steel is not a party to this appeal, we will only discuss the return of service addressed to Brown personally.

4:
The words in italics or strikeout were filled in or scratched out by the process server on the pre-printed form.