**CURRY MOTOR FREIGHT, INC., Appellant,**

v.

**RALSTON PURINA COMPANY, Appellee.**

**No. 8877.**

Court of Civil Appeals of Texas, Amarillo.

April 10, 1978.

Clayton & Stubblefield (Cleo G. Clayton, Jr.), Amarillo, for appellant.

Walters & Associates (Patrick Brower), Lubbock, for appellee.

ROBINSON, Chief Justice.

This is an appeal by the defendant Curry Motor Freight Lines, Inc. from a default judgment entered against it by a County Court at Law of Lubbock County, Texas. Appellant brings writ of error to set aside the default judgment for the reason that the record does not show jurisdiction of the trial court over the person of appellant. Reversed and remanded.

Ralston Purina recovered judgment against John H. Green, d/b/a Crane Feed & Supply, and on November 30, 1976, filed application for writ of garnishment against Curry Motor Freight, Inc. as garnishee. On December 28, 1976, default judgment was entered against Curry Motor Freight, Inc. On January 3, 1977, Curry Motor Freight Lines, Inc. filed an answer to the garnishment action. The answer showed a preparation date of December 23, 1976.

Appellant seeks review by writ of error, which constitutes a direct attack upon the default judgment. The question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935).

Appellant argues, *inter alia*, that the trial court erred in granting a default judgment because both the writ of garnishment and the return on the writ were fatally defective. An officer's return of a writ of garnishment is governed by the same rules applicable to the return of citations. Rule 663, Tex.R.Civ.P.; *Jacksboro National Bank v. Signal Oil & Gas Co.*, 482 S.W.2d 339 (Tex.Civ.App.—Tyler 1972, no writ). Ordinarily, presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites) but no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar, supra; Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, no writ).

For purposes of this appeal, we need only consider the officer's return of citation, which stated:

> Came to hand the 2 day of December, 1976, at 9:00 o'clock a. m. and executed on the 2 day of December, 1976, at 3:15 o'clock p. m. at Amarillo, in Potter County, Texas, by delivering to the within named Garnishee Curry Motor Freight: by serving Mr. Fred Hall (vice-president) in person a true copy of this writ, having first endorsed thereon the date of delivery.

This return is fatally defective because it does not state the manner of serving Curry Motor Freight. The identical form of return was held insufficient to support a default judgment in *Jacksboro National Bank v. Signal Oil & Gas Co., supra*. That court relied on *Continental Insurance Co. v. Milliken*, 64 Tex. 46, 47–8 (1885), wherein the Court stated:

[T]o state that an officer executed process by serving it upon a named person is not to state the manner of service, but to give only the legal conclusion of the officer as to the compliance of his acts with the requirements of the statute. It is to state no more than that he served process by serving it upon a particular person, the manner of service is left untold.

*Accord, Peoples Funeral Service, Inc. v. Mallard,* 337 S.W.2d 476 (Tex.Civ.App.— San Antonio 1960, writ ref'd); *Hyltin-Manor Funeral Home v. Hill,* 304 S.W.2d 469 (Tex.Civ.App.—San Antonio 1957, no writ); *Watson Van & Storage Company v. Busse,* 451 S.W.2d 557 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

█ Appellee relies on the fact that appellant filed an answer in the name of Curry Motor Freight Lines, Inc. on January 3, 1977, said answer bearing on its face a preparation date of December 23, 1976, five days before the judgment. The relevant date is the actual filing date of the answer. *See* Rule 45(d) Tex.R.Civ.P. The answer was not filed until several days after the default judgment was entered. It is immaterial that appellant may have had actual knowledge of the existence of the suit and the issuance of the writ of garnishment. A defendant is not bound to take action until duly served. *Investors Diversified Services, Inc. v. Bruner,* 366 S.W.2d 810 (Tex.Civ. App.—Houston 1963, writ ref'd n. r. e.).

The trial court was without jurisdiction over the person of appellant when the default judgment was entered. In view of our disposition of this appeal, appellant's remaining points of error need not be considered. The judgment of the trial court is reversed and cause remanded for trial.