# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00118-CV

**Reynaldo Tavarez, Appellant**

**v.**

**John Floyd Smith and Melissa Smith, Appellees**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
## NO. 01-383-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

Reynaldo Tavarez brings this restricted appeal after the district court rendered a no-answer default judgment in favor of John and Melissa Smith and awarded them damages of $455,000. Tavarez contends that error is apparent on the face of the record and, therefore, the default judgment cannot stand for two reasons. First, he contends that the return of citation is defective on its face because it failed to reflect the manner in which Tavarez was served. Second, Tavarez contends that the damages awarded to the Smiths are excessive and unsupported by the evidence. We affirm the district court=s judgment regarding liability and unliquidated damages. We will reverse the liquidated damages award and render judgment that John Smith take nothing on that claim.

**Background**

On July 18, 2001, the Smiths commenced the underlying proceeding against Tavarez alleging that Tavarez=s negligent acts caused his vehicle to collide with the Smiths= vehicle on April 4, 2001, in Williamson County. John Smith claimed that he was injured as a result of Tavarez=s negligent acts and Melissa Smith claimed loss of consortium as a result of Tavarez=s negligent acts. When Tavarez failed to file an answer to the petition or otherwise appear in the lawsuit, the Smiths moved for a default judgment on liability and requested a hearing before the court to establish the amount of their damages. On October 4, 2001, following a hearing on the Smiths= motion, the district court rendered a default judgment against Tavarez and assessed liquidated and unliquidated damages, court costs, and postjudgment interest against him. Tavarez did not participate in the hearing nor did he file any postjudgment motions. Tavarez timely filed a notice of restricted appeal.

**Discussion**

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.CFort Worth 2000, no pet.) (citing Tex. R. App. P. 30). The elements necessary to directly attack a judgment by a restricted appeal are: (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal; and (5) the error complained of showing the invalidity of the judgment must be apparent on the face of the record. *See* Tex. Civ. Prac. & Rem. Code

Ann. ' 51.013 (West 1997); *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex. 1991); Tex. R. App. P. 30. In this case, the only element at issue is whether error appears on the face of the record that would require reversal of the default judgment. The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter=s record from any hearings held related to the judgment. *Norman Communications*, 955 S.W.2d at 270 (citing *DSC Fin. Corp.*, 815 S.W.2d at 551).

### *Return of citation*

Tavarez first contends that the default judgment cannot stand because the return of citation is defective on its face. Specifically, Tavarez contends that the return of citation does not reflect the manner in which he was served, and therefore, did not strictly comply with the rules governing a valid return of citation.

A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the rules governing service of process. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Faggett v. Hargrove*, 921 S.W.2d 274, 276 (Tex. App.CHouston [1st Dist.] 1995, no writ) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, or return of citation when examining a default judgment. *Faggett*, 921 S.W.2d at 276 (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)). Jurisdiction over the defendant must affirmatively appear by a showing of due service of

**3**

process, independent of recitals in the default judgment. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.CHouston [1st Dist.] 1999, no writ).

Rule 107 of the Texas Rules of Civil Procedure governs the return of citation and provides in pertinent part the following:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state *when* the citation was served and *the manner of service* and be *signed* by the officer officially or by the authorized person.

Tex. R. Civ. P. 107 (emphasis added). The return of citation is not a trivial or merely formalistic document. *See Primate Constr., Inc*, 884 S.W.2d at 152. If any of the three requirements are not met, the return of citation is fatally defective and will not support a default judgment under direct attack. *See McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex. App.CHouston [1st Dist.] 1992, writ denied); *Travieso v. Travieso,* 649 S.W.2d 818, 820 (Tex. App.CSan Antonio 1983, no writ).

The recitations in the return of citation are *prima facie* evidence of the facts recited therein. *Primate Constr., Inc.*, 884 S.W.2d at 152 (citing *Pleasant Homes v. Allied Bank*, 776 S.W.2d 153, 154 (Tex. 1989)). The recitations in the return of citation carry enough weight that they cannot be rebutted by the uncorroborated proof of the moving party. *Primate Constr., Inc.*, 884 S.W.2d at 152. Further, a return of citation does not cease to be *prima facie* evidence of the facts of service simply because the facts are recited in a form rather than filled in by the process server. *Id.* It is the responsibility of the party requesting service, not the process server, to see that service is properly accomplished. *See id.* (citing Tex. R. Civ. P. 99(a)). This responsibility extends to seeing that the service is properly reflected in the record.

**4**

*Primate Constr., Inc.*, 884 S.W.2d at 152. If proper service is not affirmatively shown on the record, then error exists on the face of the record and a default judgment cannot stand. *Id.*

We set forth in its entirety the return of citation found in the Williamson County district clerk=s record.

AUTHORIZED OFFICER=S RETURN

CASE #: 01383C277        COURT 277

Came to hand on the 30 day of July, 2001 at 10:00 o=clock A.M.
Documents received for service:

**CITATION AND PETITION AND REQUESTS FOR DISCLOSURE**

Executed on the 31 day of July, 2001 at 1:51 o=clock P.M.
Executed at Ward County Sheriff=s Office within the County of Ward by delivering to:

**Tavarez, Reynaldo**

a true copy of the documents listed above having first endorsed on the date of delivery in the following manner:

_____ by delivering to the above in person.

**SUBSTITUTE SERVICE CAN ONLY BE MADE AFTER A COURT ORDER IS OBTAINED FROM THE**

_____ (Substitute Service) per T.R.C.P. Rule 106 Order by delivering to:_____ in person over the age of sixteen then residing therein, to wit: _____ by posting; by securely affixing to the main door at the above address, per T.R.C.P. Rule 106 Order.

**DUE DILIGENCE ATTEMPTS**

Date                    Time                    Reason for Non Service

___/___/___   ___:___am/pm                    _____

___/___/___  ___:___am/pm                    _____

___/___/___  ___:___am/pm                    _____

I, am over the age of eighteen, not a party to nor interested in the outcome of the above numbered suit and authorized to serve citations and other notices in my State.

/s/[signature of deputy]

Service Fee$ _____          Printed name: John Stessy, Deputy

                             Authorized Person / Constable / Sheriff

                             OR#/ID# 702

STATE OF _____}

VERIFICATION

Before me a notary public, on this day personally appeared the above named authorized person known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn declared that the statements therein contained are true and correct.  Given my hand and seal of office on this the _____ day of _____, 2001.

_____
NOTARY PUBLIC SIGNATURE

Further, the return of citation was stamped ARECEIVED; date:7-30-2001; Time:____AM/PM; By: Liz; Ward Co. Sheriffs Office.@ The return also reflects that the Williamson County district clerk stamped it AFiled@ on September 4, 2001.

What the return reflects is that on July 31, 2001, at the Ward County Sheriff=s Office, the deputy *delivered* the citation, petition and requests for disclosure to Reynaldo Tavarez.  Appellant contends that despite the fact that the return states that the deputy delivered the documents to Tavarez, the return is nevertheless defective because the *manner* of service is not reflected.

**6**

To support his contention, Tavarez primarily relies upon two cases, one with a fact pattern that involves substituted service and another that involves service of process on a defendant that is not a natural person. *See Faggett,* 921 S.W.2d at 277; *Curry Motor Freight, Inc. v. Ralston Purina Co.*, 565 S.W.2d 105, 106 (Tex. App.CAmarillo 1978, no writ). In *Faggett*, the trial court ordered substituted service and ruled that the defendant could be served by leaving a copy of the citation and petition with anyone over sixteen years of age at the defendant=s usual place of business, the Xerox Corporation, at 1614 Fannin, Houston, Texas 77002. *Faggett*, 921 S.W.2d at 277. The return of citation provided only that Athe process was delivered to>Fong, Tran at 1614 defendant, in person.=@ *Id.* The *Faggett* court held that this recitation in the return failed to state the manner of service used to serve the defendant, Faggett. The *Faggett* court noted that, AWhile the word >delivering= technically shows a manner of service, the return does not state that >Fong, Tran= was capable of accepting service; that is, nothing in the record indicated that >Fong, Tran= was a person over sixteen years of age.@ *Id.* The *Faggett* court held that nothing in the record reflected that proper substituted service was accomplished, therefore, the record failed to show the manner in which the defendant Faggett was served. *Id.*

Tavarez also relies upon *Curry Motor Freight* in which the return of citation provided, ACame to hand the 2 day of December 1976, at 9:00 o=clock a.m. and executed on the 2 day December, 1976, at 3:15 o=clock p.m. at Amarillo, in Potter County, Texas, by delivering to the within named Garnishee Curry Motor Freight: by serving Mr. Fred Hall (vice-president) in person a true copy of this writ, having first endorsed thereon the date of delivery.@ 565 S.W.2d at 106. Although on the return Avice-president@ appears immediately following the mention of Mr. Hall, there was nothing on the return that

connected the defendant, Curry Motor Freight, and Hall. The *Curry Motor Freight* court ruled that the return was defective because it failed to state the manner in which the unnatural person defendant, Curry Motor Freight, was served. *Id.* at 107.

Here, the named defendant, Tavarez, is the person to whom the Ward County sheriff=s deputy delivered the citation, the petition and the requests for disclosure. The return, in providing that the deputy delivered the documents to Tavarez, reflected that delivery was the manner of service to the defendant. Unlike the factual situations in *Faggett* and *Curry Motor Freight*, here, there was no need to affirmatively show a connection to an unnatural person defendant or to affirmatively show that all aspects of substituted service were met. The return of citation reflects that Tavarez personally received proper service of process when the Ward County Sheriff=s deputy delivered the pertinent documents to him at the Ward County Sheriff=s Office. We conclude that the return of citation properly reflects the manner of service of process, that is delivery of the documents to Tavarez, the named defendant in the proceeding. Tavarez=s first issue is overruled.

### *Damages*

Tavarez also contends that the default judgment cannot stand because legally and factually insufficient evidence supports the award of $55,000 as liquidated damages and $350,000 as unliquidated damages to John Smith and the award of $50,000 as unliquidated damages to Melissa Smith. Because an appellant bringing a restricted appeal is afforded the same scope of review as a regular appeal, that is, review of the entire case, it necessarily follows that review includes legal and factual insufficiency claims. *Norman Communications*, 955 S.W.2d at 270.

**8**

In reviewing a legal insufficiency claim, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party=s favor. *Associated Indem. Co. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). If there is more than a scintilla of evidence to support the findings, the no-evidence challenge cannot be sustained. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). Evidence is thus legally sufficient when it rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Mobile Oil Corp. v. Ellender*, 968 S.W.2d 917, 922 (Tex. 1998). In reviewing a factual sufficiency challenge, we examine all the evidence and set aside the judgment only if it is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff=s petition, except for damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). When a default judgment is rendered against a defendant, if the plaintiff=s claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court. Tex. R. Civ. P. 241. If the cause of action alleged damages that are unliquidated, or not proved by an instrument in writing, the court shall hear evidence about the damages. Tex. R. Civ. P. 243.

ALiquidated damages@ refers to damages for which the amount due can be calculated solely from the instrument sued upon and the factual (not conclusory) allegations in the petition. *See Kelley v. Southwestern Bell Media, Inc.*, 745 S.W.2d 447, 448 (Tex. App.CHouston [1st Dist.] 1988, no writ). The written instrument must be included in the record before the trial court. *See Abcon Paving, Inc. v. Crissup*, 820 S.W.2d 951, 953 (Tex. App.CFort Worth 1991, no writ) (writing should be attached to

petition).  If liquidated claims are inadequately described in the plaintiff=s petition, they are considered unliquidated claims.  *Kelley*, 745 S.W.2d at 448-49.  Here, there were no written documents supporting a claim for liquidated damages attached to the petition or located elsewhere in the record before the district court.  We hold that there is no evidence supporting the award of $55,000 as liquidated damages to John Smith.  Tavarez=s contention complaining of the liquidated damage award to John Smith is sustained.  We reverse the portion of the default judgment awarding $55,000 in liquidated damages to John Smith.

We next review the award of unliquidated damages to the Smiths.  Claims for unliquidated damages are claims for an uncertain or disputed amount and cannot be accurately calculated by referring to the allegations in the petition and the attached written instrument.  *Holt Atherton Indus., Inc.*, 835 S.W.2d at 83.  When damages are unliquidated, the plaintiff must present evidence of the Acausal nexus@ between the event sued upon and the plaintiff=s injuries.  *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984).  This is because when judgment is by default, a personal-injury defendant admits only that the defendant caused the event that led to the suit, not that there exists a connection between the event and the damages.  *Transport Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 305 (Tex. App.CDallas 1988, no writ).  The personal-injury plaintiff must both offer proof of damages and connect the damages sustained to the defendant=s conduct.  *Id.*

At the hearing, John Smith testified that as a result of the accident caused by Tavarez, he incurred $53,000 in medical bills and suffered $2000 in property damage.  He also testified that due to the accident caused by Tavarez, he and his wife sustained pain and suffering damages.  At the hearing, John Smith also testified that the allegations in the petition regarding damages were true.  The petition alleged that

due to the accident, he suffered mental anguish, physical pain and impairment, and in all reasonable probability will suffer mental anguish and pain in the future. Additionally, the petition alleged that Melissa Smith suffered damages that naturally and consequently flow from the unexpected injury to a spouse. The petition alleged that due to John Smith=s injuries, pain and mental anguish and other effects of this accident, he had a diminished ability to demonstrate his love and affection for Melissa Smith and for which she has suffered a loss of the affection, solace, comfort, companionship, society, assistance, emotional support, love and happiness necessary to a successful marriage. Nothing in the record refutes his testimony. John Smith=s testimony established the causal nexus between the accident and the damages suffered by him and his wife. Further, while it is true that no medical documentation was submitted to the court, John Smith=s testimony constituted some evidence to support the award. *See Transport Concepts, Inc.*, 748 S.W.2d at 305. Tavarez=s contention complaining of the unliquidated damages awarded to the Smiths is overruled.

### Conclusion

We affirm the district court=s judgment regarding liability and unliquidated damages. Because we conclude that no evidence supports the district court=s award of liquidated damages to John Smith, we reverse the portion of the judgment awarding John Smith $55,000 as liquidated damages and render judgment that John Smith take nothing on the liquidated damages claim.

Mack Kidd, Justice

**11**

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Rendered in Part

Filed:   November 15, 2002

Do Not Publish