TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00118-CV






Reynaldo Tavarez, Appellant



v.



John Floyd Smith and Melissa Smith, Appellees







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 01-383-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






 Reynaldo Tavarez brings this restricted appeal after the district court rendered a no-answer default judgment in favor of John and Melissa Smith and awarded them damages of
$455,000. Tavarez contends that error is apparent on the face of the record and, therefore, the default
judgment cannot stand for two reasons. First, he contends that the return of citation is defective on
its face because it failed to reflect the manner in which Tavarez was served. Second, Tavarez
contends that the damages awarded to the Smiths are excessive and unsupported by the evidence.
We affirm the district court's judgment regarding liability and unliquidated damages. We will
reverse the liquidated damages award and render judgment that John Smith take nothing on that
claim.


Background


 On July 18, 2001, the Smiths commenced the underlying proceeding against Tavarez
alleging that Tavarez's negligent acts caused his vehicle to collide with the Smiths' vehicle on April
4, 2001, in Williamson County. John Smith claimed that he was injured as a result of Tavarez's
negligent acts and Melissa Smith claimed loss of consortium as a result of Tavarez's negligent acts.
When Tavarez failed to file an answer to the petition or otherwise appear in the lawsuit, the Smiths
moved for a default judgment on liability and requested a hearing before the court to establish the
amount of their damages. On October 4, 2001, following a hearing on the Smiths' motion, the
district court rendered a default judgment against Tavarez and assessed liquidated and unliquidated
damages, court costs, and postjudgment interest against him. Tavarez did not participate in the
hearing nor did he file any postjudgment motions. Tavarez timely filed a notice of restricted appeal.


Discussion


 A restricted appeal is available for the limited purpose of providing a party who did
not participate at trial with the opportunity to correct an erroneous judgment. In re E.K.N., 24
S.W.3d 586, 590 (Tex. App.--Fort Worth 2000, no pet.) (citing Tex. R. App. P. 30). The elements
necessary to directly attack a judgment by a restricted appeal are: (1) the appeal must be brought
within six months after the trial court signed the judgment; (2) by a party to the lawsuit; (3) who did
not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file
a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal;
and (5) the error complained of showing the invalidity of the judgment must be apparent on the face
of the record. See Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (West 1997); Norman
Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997); DSC Fin. Corp. v.
Moffitt, 815 S.W.2d 551 (Tex. 1991); Tex. R. App. P. 30. In this case, the only element at issue is
whether error appears on the face of the record that would require reversal of the default judgment. 
The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the
appeal, including the reporter's record from any hearings held related to the judgment. Norman
Communications, 955 S.W.2d at 270 (citing DSC Fin. Corp., 815 S.W.2d at 551).


Return of citation

 Tavarez first contends that the default judgment cannot stand because the return of
citation is defective on its face. Specifically, Tavarez contends that the return of citation does not
reflect the manner in which he was served, and therefore, did not strictly comply with the rules
governing a valid return of citation. 

 A default judgment cannot withstand a direct attack by a defendant who shows that
he was not served in strict compliance with the rules governing service of process. Primate Constr.,
Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994); Faggett v. Hargrove, 921 S.W.2d 274, 276 (Tex.
App.--Houston [1st Dist.] 1995, no writ) (citing Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990)).
In contrast to the usual rule that all presumptions will be made in support of a judgment, there are
no presumptions of valid issuance, service, or return of citation when examining a default judgment.
Faggett, 921 S.W.2d at 276 (citing Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d
884, 885 (Tex. 1985)). Jurisdiction over the defendant must affirmatively appear by a showing of
due service of process, independent of recitals in the default judgment. Barker CATV Constr., Inc.
v. Ampro, Inc., 989 S.W.2d 789, 792 (Tex. App.--Houston [1st Dist.] 1999, no writ). 

 Rule 107 of the Texas Rules of Civil Procedure governs the return of citation and
provides in pertinent part the following: 


The return of the officer or authorized person executing the citation shall be endorsed
on or attached to the same; it shall state when the citation was served and the manner
of service and be signed by the officer officially or by the authorized person.



Tex. R. Civ. P. 107 (emphasis added). The return of citation is not a trivial or merely formalistic
document. See Primate Constr., Inc, 884 S.W.2d at 152. If any of the three requirements are not
met, the return of citation is fatally defective and will not support a default judgment under direct
attack. See McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.--Houston [1st Dist.]
1992, writ denied); Travieso v. Travieso, 649 S.W.2d 818, 820 (Tex. App.--San Antonio 1983, no
writ).

 The recitations in the return of citation are prima facie evidence of the facts recited
therein. Primate Constr., Inc., 884 S.W.2d at 152 (citing Pleasant Homes v. Allied Bank, 776
S.W.2d 153, 154 (Tex. 1989)). The recitations in the return of citation carry enough weight that they
cannot be rebutted by the uncorroborated proof of the moving party. Primate Constr., Inc., 884
S.W.2d at 152. Further, a return of citation does not cease to be prima facie evidence of the facts
of service simply because the facts are recited in a form rather than filled in by the process server. 
Id. It is the responsibility of the party requesting service, not the process server, to see that service
is properly accomplished. See id. (citing Tex. R. Civ. P. 99(a)). This responsibility extends to seeing
that the service is properly reflected in the record. Primate Constr., Inc., 884 S.W.2d at 152. If
proper service is not affirmatively shown on the record, then error exists on the face of the record
and a default judgment cannot stand. Id.

 We set forth in its entirety the return of citation found in the Williamson County
district clerk's record.


AUTHORIZED OFFICER'S RETURN


CASE #: 01383C277 COURT 277


Came to hand on the 30 day of July, 2001 at 10:00 o'clock A.M.

Documents received for service:


CITATION AND PETITION AND REQUESTS FOR DISCLOSURE


Executed on the 31 day of July, 2001 at 1:51 o'clock P.M.

Executed at Ward County Sheriff's Office within the County of Ward by delivering to:


Tavarez, Reynaldo


a true copy of the documents listed above having first endorsed on the date of delivery in the
following manner:


_____ by delivering to the above in person.


SUBSTITUTE SERVICE CAN ONLY BE MADE AFTER A COURT ORDER IS
OBTAINED FROM THE 


_____ (Substitute Service) per T.R.C.P. Rule 106 Order by delivering to:_____________ in person
over the age of sixteen then residing therein, to wit: _____ by posting; by securely affixing to the
main door at the above address, per T.R.C.P. Rule 106 Order.


 DUE DILIGENCE ATTEMPTS


Date Time Reason for Non Service


___/___/___ ___:___am/pm ____________________________


___/___/___ ___:___am/pm _____________________________


___/___/___ ___:___am/pm _____________________________

I, am over the age of eighteen, not a party to nor interested in the outcome of the above numbered
suit and authorized to serve citations and other notices in my State.


 /s/[signature of deputy]


Service Fee$ _____ Printed name: John Stessy, Deputy


 Authorized Person / Constable / Sheriff


 OR#/ID# 702


STATE OF ___________}


 VERIFICATION


Before me a notary public, on this day personally appeared the above named authorized person
known to me to be the person whose name is subscribed to the foregoing document and, being by
me first duly sworn declared that the statements therein contained are true and correct. Given my
hand and seal of office on this the _______ day of ______________, 2001.



 ________________________________

 NOTARY PUBLIC SIGNATURE



Further, the return of citation was stamped "RECEIVED; date:7-30-2001; Time:____AM/PM; By:
Liz; Ward Co. Sheriffs Office." The return also reflects that the Williamson County district clerk
stamped it "Filed" on September 4, 2001.

 What the return reflects is that on July 31, 2001, at the Ward County Sheriff's Office,
the deputy delivered the citation, petition and requests for disclosure to Reynaldo Tavarez. 
Appellant contends that despite the fact that the return states that the deputy delivered the documents
to Tavarez, the return is nevertheless defective because the manner of service is not reflected.

 To support his contention, Tavarez primarily relies upon two cases, one with a fact
pattern that involves substituted service and another that involves service of process on a defendant
that is not a natural person. See Faggett, 921 S.W.2d at 277; Curry Motor Freight, Inc. v. Ralston
Purina Co., 565 S.W.2d 105, 106 (Tex. App.--Amarillo 1978, no writ). In Faggett, the trial court
ordered substituted service and ruled that the defendant could be served by leaving a copy of the
citation and petition with anyone over sixteen years of age at the defendant's usual place of business,
the Xerox Corporation, at 1614 Fannin, Houston, Texas 77002. Faggett, 921 S.W.2d at 277. The
return of citation provided only that "the process was delivered to 'Fong, Tran at 1614 defendant,
in person.'" Id. The Faggett court held that this recitation in the return failed to state the manner
of service used to serve the defendant, Faggett. The Faggett court noted that, "While the word
'delivering' technically shows a manner of service, the return does not state that 'Fong, Tran' was
capable of accepting service; that is, nothing in the record indicated that 'Fong, Tran' was a person
over sixteen years of age." Id. The Faggett court held that nothing in the record reflected that proper
substituted service was accomplished, therefore, the record failed to show the manner in which the
defendant Faggett was served. Id.

 Tavarez also relies upon Curry Motor Freight in which the return of citation
provided, "Came to hand the 2 day of December 1976, at 9:00 o'clock a.m. and executed on the 2
day December, 1976, at 3:15 o'clock p.m. at Amarillo, in Potter County, Texas, by delivering to the
within named Garnishee Curry Motor Freight: by serving Mr. Fred Hall (vice-president) in person
a true copy of this writ, having first endorsed thereon the date of delivery." 565 S.W.2d at 106.
Although on the return "vice-president" appears immediately following the mention of Mr. Hall,
there was nothing on the return that connected the defendant, Curry Motor Freight, and Hall. The
Curry Motor Freight court ruled that the return was defective because it failed to state the manner
in which the unnatural person defendant, Curry Motor Freight, was served. Id. at 107.

 Here, the named defendant, Tavarez, is the person to whom the Ward County sheriff's
deputy delivered the citation, the petition and the requests for disclosure. The return, in providing
that the deputy delivered the documents to Tavarez, reflected that delivery was the manner of service
to the defendant. Unlike the factual situations in Faggett and Curry Motor Freight, here, there was
no need to affirmatively show a connection to an unnatural person defendant or to affirmatively show
that all aspects of substituted service were met. The return of citation reflects that Tavarez
personally received proper service of process when the Ward County Sheriff's deputy delivered the
pertinent documents to him at the Ward County Sheriff's Office. We conclude that the return of
citation properly reflects the manner of service of process, that is delivery of the documents to
Tavarez, the named defendant in the proceeding. Tavarez's first issue is overruled.


Damages

 Tavarez also contends that the default judgment cannot stand because legally and
factually insufficient evidence supports the award of $55,000 as liquidated damages and $350,000
as unliquidated damages to John Smith and the award of $50,000 as unliquidated damages to Melissa
Smith. Because an appellant bringing a restricted appeal is afforded the same scope of review as a
regular appeal, that is, review of the entire case, it necessarily follows that review includes legal and
factual insufficiency claims. Norman Communications, 955 S.W.2d at 270.

 In reviewing a legal insufficiency claim, we consider all the evidence in the light most
favorable to the prevailing party, indulging every reasonable inference in that party's favor.
Associated Indem. Co. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). If there is
more than a scintilla of evidence to support the findings, the no-evidence challenge cannot be
sustained. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). Evidence is thus legally sufficient
when it rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions. Mobile Oil Corp. v. Ellender, 968 S.W.2d 917, 922 (Tex. 1998). In reviewing a factual
sufficiency challenge, we examine all the evidence and set aside the judgment only if it is so against
the great weight and preponderance of the evidence so as to be manifestly unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). 

 A no-answer default judgment operates as an admission of the material facts alleged
in the plaintiff's petition, except for damages. Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80,
83 (Tex. 1992). When a default judgment is rendered against a defendant, if the plaintiff's claim is
liquidated and proved by an instrument in writing, the damages shall be assessed by the court. Tex.
R. Civ. P. 241. If the cause of action alleged damages that are unliquidated, or not proved by an
instrument in writing, the court shall hear evidence about the damages. Tex. R. Civ. P. 243.

 "Liquidated damages" refers to damages for which the amount due can be calculated
solely from the instrument sued upon and the factual (not conclusory) allegations in the petition. See
Kelley v. Southwestern Bell Media, Inc., 745 S.W.2d 447, 448 (Tex. App.--Houston [1st Dist.]
1988, no writ). The written instrument must be included in the record before the trial court. See
Abcon Paving, Inc. v. Crissup, 820 S.W.2d 951, 953 (Tex. App.--Fort Worth 1991, no writ) (writing
should be attached to petition). If liquidated claims are inadequately described in the plaintiff's
petition, they are considered unliquidated claims. Kelley, 745 S.W.2d at 448-49. Here, there were
no written documents supporting a claim for liquidated damages attached to the petition or located
elsewhere in the record before the district court. We hold that there is no evidence supporting the
award of $55,000 as liquidated damages to John Smith. Tavarez's contention complaining of the
liquidated damage award to John Smith is sustained. We reverse the portion of the default judgment
awarding $55,000 in liquidated damages to John Smith.

 We next review the award of unliquidated damages to the Smiths. Claims for
unliquidated damages are claims for an uncertain or disputed amount and cannot be accurately
calculated by referring to the allegations in the petition and the attached written instrument. Holt
Atherton Indus., Inc., 835 S.W.2d at 83. When damages are unliquidated, the plaintiff must present
evidence of the "causal nexus" between the event sued upon and the plaintiff's injuries. Morgan v.
Compugraphic Corp., 675 S.W.2d 729, 732 (Tex. 1984). This is because when judgment is by
default, a personal-injury defendant admits only that the defendant caused the event that led to the
suit, not that there exists a connection between the event and the damages. Transport Concepts, Inc.
v. Reeves, 748 S.W.2d 302, 305 (Tex. App.--Dallas 1988, no writ). The personal-injury plaintiff
must both offer proof of damages and connect the damages sustained to the defendant's conduct. 
Id.

 At the hearing, John Smith testified that as a result of the accident caused by Tavarez,
he incurred $53,000 in medical bills and suffered $2000 in property damage. He also testified that
due to the accident caused by Tavarez, he and his wife sustained pain and suffering damages. At the
hearing, John Smith also testified that the allegations in the petition regarding damages were true. 
The petition alleged that due to the accident, he suffered mental anguish, physical pain and
impairment, and in all reasonable probability will suffer mental anguish and pain in the future. 
Additionally, the petition alleged that Melissa Smith suffered damages that naturally and
consequently flow from the unexpected injury to a spouse. The petition alleged that due to John
Smith's injuries, pain and mental anguish and other effects of this accident, he had a diminished
ability to demonstrate his love and affection for Melissa Smith and for which she has suffered a loss
of the affection, solace, comfort, companionship, society, assistance, emotional support, love and
happiness necessary to a successful marriage. Nothing in the record refutes his testimony. John
Smith's testimony established the causal nexus between the accident and the damages suffered by
him and his wife. Further, while it is true that no medical documentation was submitted to the court,
John Smith's testimony constituted some evidence to support the award. See Transport Concepts,
Inc., 748 S.W.2d at 305. Tavarez's contention complaining of the unliquidated damages awarded
to the Smiths is overruled. 


Conclusion


 We affirm the district court's judgment regarding liability and unliquidated damages.
Because we conclude that no evidence supports the district court's award of liquidated damages to
John Smith, we reverse the portion of the judgment awarding John Smith $55,000 as liquidated
damages and render judgment that John Smith take nothing on the liquidated damages claim.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Rendered in Part

Filed: November 15, 2002

Do Not Publish