COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-106-CV
ALL COMMERCIAL FLOORS,
INC.                                                           
APPELLANT
V.
BARTON & RASOR, A GENERAL
PARTNERSHIP                                         
APPELLEE
------------
FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
All Commercial Floors, Inc. ("ACF") appeals a default judgment in
favor of Barton & Rasor, a general partnership ("Barton & Rasor").
ACF contends that the trial court did not have jurisdiction to render the
default judgment, and the court abused its discretion by denying ACF's motion
for new trial. We reverse and remand.
I. Facts
Barton & Rasor filed the underlying lawsuit to this appeal on November 9,
2001. The district clerk of Tarrant County issued citation directed to: All
Commercial Floors, Inc. b/s Kelly Lynn Arreola by restricted certified mail,
return receipt requested. According to the officer's return, ACF was served on
November 13, 2001. The return also stated that "All Commercial Floors"
received citation through the mail. Although someone signed the "green
card" acknowledging receipt, the signature appears to be someone other than
Kelly Lynn Arreola and does not identify the date of delivery. ACF did not file
an answer.
On December 21, 2001 Barton & Rasor filed its motion for default
judgment. The trial court granted the motion on December 26, 2001. ACF timely
filed a motion for new trial, requesting that the default judgment be set aside
because its failure to answer was the result of accident or mistake, rather than
intentional or conscious indifference. The motion for new trial did not contain
any objection to the court's exercise of jurisdiction over ACF. The trial court
denied ACF's motion for new trial, and this appeal followed.
II. Discussion
A. Preservation of Error
ACF raises for the first time on appeal that the trial court did not have
jurisdiction to enter the default judgment because Barton & Rasor failed to
strictly comply with the requirements of proper service under Texas Rules of
Civil Procedure 106 and 107. Tex. R. Civ. P. 106, 107. Barton & Rasor
responds that ACF did not preserve any complaint to personal jurisdiction.
Because we must determine whether error has been preserved for review, we will
address this issue first.
ACF relies on Wilson v. Dunn to argue that it may present the
jurisdictional argument for the first time on appeal. In Wilson, the
Texas Supreme Court held that although the defendant filed a motion for new
trial that did not complain of the defective service, he could properly raise
the issue on appeal because Texas Rule of Civil Procedure Rule 324 does not
impose such a requirement for preservation of error. Wilson v. Dunn,
800 S.W.2d 833, 837 (Tex. 1990); see also Benefit Planners, L.L.P. v.
RenCare, Ltd., 81 S.W.3d 855, 858 (Tex. App.--San Antonio 2002, pet.
denied) (holding that defective service can be raised for the first time on
appeal).
Barton & Rasor contends that Texas Rule of Appellate Procedure 33.1
requires a timely request, objection, or motion before the trial court to
preserve error for appeal, and ACF failed to make such an objection. See
Tex. R. App. P. 33.1. It also argues that ACF's reliance on Wilson is
incorrect because the supreme court did not resolve whether Rule 52, now Texas
Rule of Appellate Procedure 33.1, requires some request or objection to preserve
the point for appellate review. See Wilson, 800 S.W.2d at 837 n.9
(holding that a motion for new trial does not have to contain a complaint about
service for it to be raised on appeal).
We believe that Wilson controls, as in Benefit Planners, L.L.P.;
therefore, AFC may raise defective service for the first time on appeal. Similar
to our facts, neither defendant in Wilson or Benefit Planners,
L.L.P. objected in the trial court about defective service of citation;
however, the appellate courts concluded that the trial courts never acquired
jurisdiction over the defendants because of improper service. See id.
at 836-37; Benefit Planners, L.L.P., 81 S.W.3d at 858. Furthermore, the
court stated in Benefit Planners, L.L.P. that defective service can be
raised for the first time on appeal, without addressing the need to object under
Rule 33.1. Benefit Planners, L.L.P., 81 S.W.3d at 858. Therefore, we
hold that ACF may raise defective service for the first time on appeal.
(1)
B. Proper Service Under Rule 107
ACF alleges that the trial court did not have jurisdiction to enter the
default judgment because Barton & Rasor failed to strictly comply with the
requirements of proper service under Texas Rules of Civil Procedure 106 and 107.
Tex. R. Civ. P. 106, 107. Barton & Rasor responds that strict compliance
does not require "obeisance to the minutest detail"; therefore, we
should examine the full record, including appellee's pleadings, the citation,
and the return, and give effect to the plain meaning and intent of the citation
and return. See Stephenson v. Corporate Servs., Inc. 650 S.W.2d 181,
184 (Tex. App.--Tyler 1983, writ ref'd n.r.e.).
The rule has been firmly established in this state that a default judgment
cannot withstand direct attack by a defendant who complains that he was not
served in strict compliance with applicable requirements. See, e.g., Wilson,
800 S.W.2d at 836; Uvalde Country Club v. Martin Linen Supply Co., 690
S.W.2d 884, 885 (Tex. 1985) (per curiam); McKanna v. Edgar, 388 S.W.2d
927, 929 (Tex. 1965). Likewise, there are no presumptions in favor of valid
issuance, service, and return of citation in the face of a direct attack on a
default judgment. Uvalde Country Club, 690 S.W.2d at 885; Benefit
Planners, L.L.P., 81 S.W.3d at 858. Lack of compliance with the Texas Rules
of Civil Procedure renders the attempted service of process invalid and of no
effect. Wilson, 800 S.W.2d at 836-37; Laidlaw Waste Sys., Inc. v.
Wallace, 944 S.W.2d 72, 74 (Tex. App.--Waco 1997, writ denied).
Barton & Rasor's contention that the entire record should be examined to
give effect to the plain meaning and intent of the citation and return is
incorrect. In Benefit Planners, L.L.P., the plaintiff argued that the
court should consider "the petition with the citation and return in their
entirety" to determine whether service was valid. Benefit Planners,
L.L.P., 81 S.W.3d at 858 n.1. The court rejected the plaintiff's argument,
stating that the Texas Supreme Court rejected a similar argument in Primate
Construction, Inc. v. Silver. Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 152 (Tex. 1994); see also Verlander Enters., Inc. v. Graham,
932 S.W.2d 259, 261 (Tex. App.--El Paso 1996, no writ) (reconfirming the strict
compliance standard, eschewing any presumptions in favor of judgment or any
review of the whole record to establish proper service). Although we may look to
see if the defendant filed any pleadings or entered an appearance, case law does
not support a review of the entire record to determine proper service.
Therefore, we reject Barton & Rasor's argument.
Under Rule 107, when a citation is served by registered or certified mail as
authorized under Rule 106, the return by the officer or authorized person must
contain the return receipt with the addressee's signature. Tex. R. Civ. P. 107.
In Pharmakinetics Laboratories, Inc. v. Katz, the court held that a
domestic return receipt signed by Charlotte Young, while the name of the
appointee designated to receive service for defendant was listed as Steve
Woodman, was invalid. Pharmakinetics Labs., Inc. v. Katz, 717 S.W.2d
704, 706 (Tex. App.--San Antonio 1986, no writ). The discrepancy rendered
service of process invalid since the record on its face showed that the return
was not signed by the person appointed. Id.; see also Keeton v.
Carrasco, 53 S.W.3d 13, 19 (Tex. App.--San Antonio 2001, pet. denied)
(holding process of service defective when the return receipt is not signed by
the addressee); Bronze & Beautiful, Inc. v. Mahone, 750 S.W.2d 28,
29 (Tex. App.--Texarkana 1988, no writ) (holding process of service defective
when the receipt card was signed by someone who was not the registered agent).
Here, the domestic return receipt appears to be signed by "Mark,"
with an illegible last name. Kelly Lynn Arreola is the individual designated to
receive service for ACF. Just as in Pharmakinetics Laboratories, Inc.,
the record on its face shows that the return was not signed by the addressee or
registered agent.
Barton & Rasor argues that it has strictly complied with Rule 107 because
the officer's return correctly states that ACF, as named in the citation, has
been served although it fails to specifically state the person served on behalf
of ACF. This argument fails to recognize that a corporation is not a person
capable of accepting process, and it must be served through its agents. See
Wohler v. La Buena Vida in Western Hills, Inc., 855 S.W.2d 891, 892 (Tex.
App.--Fort Worth 1993, no writ) (holding that delivery of citation is proper
when delivered to a party capable of receiving it); Curry Motor Freight,
Inc. v. Ralston Purina Co., 565 S.W.2d 105, 106 (Tex. Civ. App.--Amarillo
1978, no writ). Therefore, because the record shows on its face that the return
was not signed by the addressee or registered agent and ACF is not capable of
receiving service, Barton & Rasor has failed to strictly comply with Rule
107. (2) We sustain ACF's first point.
(3) Having disposed of ACF's first point, we need not address whether
the trial court abused its discretion by denying a motion for new trial.
III. Conclusion
Because Barton & Rasor failed to strictly comply with Rule 107, the trial
court acquired no in personam jurisdiction over ACF. The trial court's
judgment is reversed, and the cause is remanded to the trial court for further
proceedings consistent with this opinion.
 
TERRIE LIVINGSTON
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
 
[DELIVERED JANUARY 9, 2003]

1. Barton & Rasor encourages this court to reconcile
the conflict between Texas Rule of Civil Procedure 324 and Texas Rule of
Appellate Procedure 33.1; however, we do not feel that is necessary for the
disposition of this appeal. Furthermore, the supreme court stated in Wilson
that any conflict between the rules should be considered in future amendments. Wilson,
800 S.W.2d at 837 n.9. When the appellate rules were amended in 1997 and 2003,
this issue was not addressed.
2. As courts have noted, although the strict
compliance requirements "sometimes lead the courts to rather weird
conclusions, preventing us from making even the most obvious and rational
inferences, we believe good public policy favors the standard. The end effect of
our application of the strict compliance standard is an increased opportunity
for trial on the merits." Benefit Planners, L.L.P. 81 S.W.3d
at 859; Verlander Enters., Inc. 932 S.W.2d at 262.
3. Having found failure of strict compliance on one of
ACF's points, we need not address whether the officer's signature on the return
of service was verified, if omitting "Inc." on the return of service
was fatal, or if omission of a date on the return receipt renders service
invalid.