Opinion issued June 5, 2003
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00521-CV




STANLEY KUBOVY, INDIVIDUALLY AND D/B/A S & K IMPORTS,
Appellant

V.

CINTAS CORPORATION, Appellee




On Appeal from the County Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 746,671




MEMORANDUM OPINION

          This is a restricted appeal from the trial court’s rendition of default judgment
for plaintiff/appellee Cintas Corporation against defendant/appellant Stanley Kubovy,
individually and d/b/a S & K Imports. In his sole point of error, Kubovy contends
that the trial court did not have personal jurisdiction over him because service of
process was defective. We affirm.
Factual and Procedural Background
          Kubovy and Cintas entered into a five-year contract that called for Cintas to
lease uniforms to S & K Import’s employees. Kubovy terminated the contract before
its expiration, ignored unpaid invoices, and would not pay for damages to some of the
uniforms rented. Cintas sued Kubovy for breach of contract, seeking liquidated
damages as provided for in the contract, pre-and post-judgment interest, and
attorney’s fees. Process was served, and a return was filed with the trial court that
showed an incorrect year and reflected the street address but omitted the city and state
where process was served. The process server filed an amended return which
corrected the date and added the city and state. Kubovy did not answer the suit or
appear in court. After a brief hearing, the trial court rendered a default judgment for
Cintas, awarding liquidated damages and interest of $4,858.58 and attorney’s fees of
$2,000.
Personal Jurisdiction
          Kubovy contends that the trial court did not have personal jurisdiction to render
a judgment against him because the amended service of process was fatally defective. 
He contends that the amended return does not contain a correct description of the
petition served or state the manner of service of the citation.
          A party against whom a default judgment has been rendered may bring a
restricted appeal. See Tex. R. App. P. 30. The restricted appeal must be brought
within six months of the date of judgment. Tex. R. App. P. 26.1(c). The elements
necessary to succeed on a restricted appeal are: (1) a notice of restricted appeal must
be filed within six months after the judgment is signed, (2) by a party to the lawsuit,
(3) who did not participate in the hearing that resulted in the judgment complained
of and did not file a timely postjudgment motion or request for findings of fact and
conclusions of law, and (4) error must be apparent on the face of the record. Barker
CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 791 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). 
          A default judgment is void unless the record shows strict compliance with the
rules governing issuance, service, and return of citation. Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994). An appeal by writ of error is a direct attack
on a judgment. Faggett v. Hargrove, 921 S.W.2d 274, 276 (Tex. App.—Houston [1st
Dist.] 1995, no writ). A default judgment cannot withstand a direct attack by a
defendant who shows that he was not served in strict compliance with the Texas
Rules of Civil Procedure. Id. In contrast to the usual rule that all presumptions will
be made in support of a judgment, there are no presumptions of valid issuance,
service, and return of citation when examining a default judgment. Uvalde Country
Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). Jurisdiction over
the defendant must affirmatively appear by a showing of due service of citation,
independent of the recitals in the default judgment. Faggett, 921 S.W.2d 276.
          Citation
          To be valid, a citation must comply with the following 12 requirements:
The citation shall (1) be styled “The State of Texas,” (2) be signed by
the clerk under seal of court, (3) contain name and location of the court,
(4) show date of filing of the petition, (5) show date of issuance of
citation, (6) show file number, (7) show names of parties, (8) be directed
to the defendant, (9) show the name and address of attorney for plaintiff,
otherwise the address of the plaintiff, (10) contain the time within which
these rules require the defendant to file a written answer with the clerk
who issued citation, (11) contain address of the clerk, and (12) shall [sic]
notify the defendant that in case of failure of defendant to file an answer,
judgment by default may be rendered for the relief demanded in the
petition.

Tex. R. Civ. P. 99(b)(1)-(12). 
          The record reflects that the citation complied in full with all of the required
elements—it was styled “The State of Texas,” and was signed by the clerk under seal
of court; it contained the name and location of the court and correctly showed the date
the petition was filed and the date the citation was issued; it showed the correct file
number and the names of the parties; it was directed to the defendant; it showed the
name and address of Cintas’s attorney; it contained the time limit for Kubovy to file
a written answer with the clerk who issued citation and the clerk’s address; and it
notified Kubovy that, if he did not answer, a default judgment could be rendered
against him.
          Service & Return of Citation
          The method of service is prescribed by rule 106, which provides in relevant
part that citation shall be served by any authorized person by delivering to the
defendant, in person, a true copy of the citation with the date of delivery endorsed on
it and a copy of the petition attached to it. Tex. R. Civ. P. 106(a)(1). Return of
service is governed by rule 107, which provides in relevant part that the return shall
(1) state when the citation was served and the manner of service, and (2) be signed
and verified by the authorized person who executes the citation. Tex. R. Civ. P. 107. 
Finally, the citation and proof of service must be on file for at least 10 days before
default judgment may be rendered.
          Dan P. McAlister, the authorized person who served the citation, filed a return
showing that the citation and a copy of the petition were delivered in person to
Kubovy on at 1:15 p.m. on December 30, 2001 at 6443 Brittmore. The return was
signed and verified. This return of service contained two errors: it incorrectly
showed the year of service as 2001, when it should have shown the year 2000, and 
it showed only the street address, not the city or state where citation was served. Four
months later, McAlister filed with the trial court an affidavit of amended service in
which he changed the date of service from December 30, 2001 to December 30, 2000
and identified the location of service as 6443 Brittmore, Houston Texas 77041. See
Tex. R. Civ. P. 118 (providing that any process or proof of service may be amended
before judgment); Walker v. Brodhead, 828 S.W.2d 278, 282 (Tex. App.—Austin
1992, writ denied) (noting that return of citation, if erroneous, may be corrected).
          Alleged Defects
          Relying on Primate Construction, Kubovy contends the return was fatally
defective because it did not contain a correct description of the petition served. See
884 S.W.2d at 152. Kubovy also argues that because the manner of service is not
stated in the amended return, it is fatally defective. We reject both of these
arguments.
          First, in Primate, the company was named as a defendant only in the second
amended petition, but the return showed that a copy of the original petition was
served, not the second amended petition. Id. Accordingly, the court held that,
because the only proof that Primate was served with anything at all was a return of
service that recited service of a pleading in which it had not been sued, there was
error on the face of the record. Id. at 153. Here, in contrast, there was only a single,
original petition; Kubovy and his company were correctly named both in the petition
and in the citation; and a copy of the original petition was attached to the citation and
delivered in person to Kubovy. 
          Second, neither a description of the petition nor the manner of service needed
to be shown in the amended return because they were shown in the original return,
which recited that the original petition was delivered in person to Kubovy. There is
no requirement that the amended return repeat all of the elements of the original
return. Rather, it has long been the law in Texas that the original and amended
returns are read as one document. Hill v. Cunningham, 25 Tex. 25, 25 (Tex. 1860);
Bavarian Autohaus, Inc. v. Holland, 570 S.W.2d 110, 113 (Tex. Civ. App.—Houston
[1st Dist.] 1978, no writ); Walker, 828 S.W.2d at 282. Here, the original and
amended return, read together, satisfy all of the required elements, including a
description of the petition and of the manner of service. There is no error on the face
of the record. 
Conclusion
          We conclude as a matter of law that the trial court had personal jurisdiction
over Kubovy. We hold that the trial court did not err in rendering a default judgment
against him.
          We affirm the judgment.
 
 
                                                                        Evelyn V. Keyes
                                                                        Justice


Panel consists of Justices Hedges, Nuchia, and Keyes.